*247 Opinion of the Court,
by Judge Mills.
TO a petition and summons, brought upon a note for the direct payment of money, the appellant pleaded three pleas, impeaching the consideration ,of the note. To these, demurrers were filed, and the court sustained the demurrers and judgment for the appellee.
The two first pleas are clearly bad, according to mer principles recognized by this court, and it is not deemed necessary to notice them. The third more nearly approximates to a good plea, and we thought proper to give our reasons for our decision thereon. It is to this effect:
“ That the note was given to the appellee, on a contract made between the appellee and the appellant, stipulating that the appellant should purchase of the appellee a tract of land, in the adverse possession of a certain Alexander Kelly, against whom a judgment eviction was obtained, so that the writ of possession could operate upon him; and the appellee alleged and represented, that he would sue out a writ of possession on said judgment, and endorse it for the benefit of the appellant, and cause possessian to be delivered to the appellant, and also represented, that he held the title of a certain William B. Sears, on said land, and that he would convey the same to the appellant; and that the appellee did execute a conveyance of the land, made *248 part of the plea, and did obtain the writ of possession, which the said Alexander Kelly enjoined, and it is yet restrained. And he avers, that said appellee did commence an action of ejectment for the land, in the name of the appellant, against said Kelly, which was prosecuted to judgment, and decided on the merits against the appellant, because the appellee had no title passed by the aforesaid deed. He further avers, that the appellee had not, at the making of said conveyance and ever since, the title of said Sears, and had not given to the said appellant, either title or possession of the land sold. Hence he concludes that the consideration of the note had utterly failed.”
A deed of conveyance without warranty, will operate as an assignment of preceding warranties, which run with the land
This is not the words, but the substance of the plea, as near as we can ascertain its meaning; for it is not only unskilfully drawn, but written in language not very intelligible.
It is clear that this plea does not accuse the appellee of fraud; for notwithstanding it states that the appellee made promises which he was unable to perform, and representations which turned out to be untrue in the event, yet it does not allege that the appellee knew the defects of title at the time of the sale, and failed to disclose them, or represented .them to be otherwise, contrary to what he knew. Of course, there is no imputation of fraud; but the plea may be true, and the appellee may have innocently made the contract, supposing that he had the title and could pass the possession. On this ground, therefore, the plea cannot be sustained. Neither does this plea put the matter upon the ground of a mutual mistake between the parties; for, from any thing that appears, the appellant himself might have been conversant and well understood all the defects of title and prospects of possession, and have run the risk of all these, and it was competent for him to do so. His deed appears not to contain any clause of general warranty, and indicates, in some measure at least, a risking bargain.
In cases of executory contracts for land, when one party holds the notes for the purchase money and the other a bond for the conveyance, this court has invariably refused to permit a failure of consideration to be pleaded by the purchaser, to the notes for the purchase money; because, the purchaser has his counter contract, on which he can make the .vender liable, and *249 the vender would still remain liable, if the plea was allowed, as well as before, and, therefore, this liability was a consideration which would not be destroyed by the plea.
Nor has the plea been allowed to the purchase money, where the contract was executed on the part of the vender, and he has conveyed with warranty; for this warranty imposes a liability on the vender, not destroyed by the plea, and still leaving a valid consideration, not affected by the plea. But as this deed contains no clause of general warranty, it may be urged, that the rule ought to be different as applicable to this case; but to this, we reply, it does contain a clause of warranty against the vender, and for any thing that appears in the cause, the land may have been lost by a title derived from the vender, and he may be subject to an action on the warranty, for the loss. Besides, deeds of convyance without warranty, will operate as an assignment of preceding warranties, which run with the land, as was held by this court in the case of Cummins vs. Kennedy, 3 Litt. Rep. 118. A plea, therefore, in such case, ought carefully to showr, that there were no liabilities imposed by the deed, either on the vender or previous warrantors, before it can be sustained or admitted to impeach the consideration. Such plea is never tolerated, except in cases where the consideration has utterly failed; and if any liability can rest on the vender, or others, which may be enforced, after the plea is allowed and found for the vendee, there cannot be a total failure of consideration. If it be, therefore, conceded to the appellant, that he was not bound to release back the title received by the deed, or to offer to do so, so soon as the deception or mistake was discovered, and that the deed itself did not pass such' colour of title as to preclude a total failure, (points by no means clear,) we conceive that his plea could not be sustained. This is the best attempt he has made in three pleas, all endeavoring to reach the same matter, and as it is defective, the court below decided correctly in disallowing the whole.
The judgment must be affirmed with damages and costs.