Judge Robertson
delivered the opinion of the Court.
To an action of covenant by White, on a written promise to deliver whiskey, the plaintiff in error filed three pleas, demurrers to all of which being sustained by the court, a verdict and judgment were rendered for damages.
The first and second pican, are filed, as pleas impeaching the consideration; but are both clearly insuf iicient.
The cove- . nants imleeither par^can mainiain a« action
The third p*ea sood*
jt is 8„ffiCient to allege gen-procured by*8 fraud of covenantee'
Triplett, for plaintiff.
The iir|^j alleges, in substance,, that the .covenant 'Wqs giv(y|tjn conssderation of thá|íaale bjyijYhite, to Síterp, ¿^^sixty-five gallon still, tra&4n ||j||e’s furnace, and^which While agreed to flP|Ver 1i||iiarp, on request; bt.lt that sometime afterwards, being Requested, he failed, and refused to deliver. the still, and therefore, tjie consideration of the covenant had failed.
This plea shows on its face, that the conclusion drawn from the facts stated, is a non sequelur. The covenant for the whiskey, and the promise to deliver the still, are obviously independent, and either party for a breach, may maintain an action, without a performance of his undertaking. The consideration of the covenant, is not the delivery of the still, (the failure in which, is the subj ectof com plaint;) but the promise to deliver it, whenever requested. ■ The promise is still in full force, and its breach gives a perfect cause of action. The consideration is therefore still valid and subsisting; and the plea is bad: 1 Bibb, 454; 4 Bibb, 342, 386, 493; and Young vs. Triplett, 5 Littell, 247.
The second plea is liable, not only to the same objection, bpt another; it does not even state á contract to deliver the still.
But the third plea, is substantially good, although it is not drawn with precision, or technical propriety. It is intended to be, and may be understood to be, a plea alleging that the covenant was procured by the fraud of White. This being its import, it is issuable, and if true, is a bar to the action. It would.have been better to specify the fraud in the plea; and it is more usual to do so; but it is not necessary. A general plea of fraud, in most cases is good; 1 Chitty, 553.
Judgment reversed and cause remanded.