## CLAY, *et al.* v. DENNIS, USE, &c.

1. A plea averring that the note in suit was given for an interest in two lots in the town of Dadeville—that the lots were in the first instance purchased by one W, the condition of the sale to him being that the title was not to be made until the payment of the purchase money—that W died without making full payment:—that with a knowledge of these facts, the plaintiff fraudulently sold the lots to the defendant, and can not make, or obtain to be made, a title therefor; and that the defendant has not now, and never had, possession of the lots: held to be bad, 1. Because a plea alledging fraud, must show in what the fraud consists ; and the facts stated in the plea are no evidence of a fraudulent intention. 2. When the contract is still subsisting, it is no defence to an action for the purchase money that the defendant is not in possession of the land. 3. While the contract remains in force, it is no defence to an action at law, for the purchase money, that the vendor can not make a title, as he is responsible on his covenant for failing to make title.

Error to the Circuit Court of Tallapoosa.

TO an action of debt on promissory note, brought by the defendant in error, in the Court below, the plaintiff in error pleaded, that the note on which the action was founded, was given for the north halves of two lots, in the town of Dadeville; that said lots were purchased from the Commissioners of Dadeville, by one John C. Webb, and as a consideration of the sale, the payment for said lots was to be made before they could be obtained from the Commissioners; that the plaintiff, who purchased the lots from Webb, well knew at the time he sold said lots to defendant, that Webb had not made payment to the Commissioners, and he also knew the condition which required such payment, before a title could be obtained—that said Webb nor any one for him, has ever made the full payment for said lots, and that said Webb is now dead ; that nevertheless, said plaintiff fraudulently sold said lots to the said defendant, and cannot make, or obtain to be made, a title therefor; and that the said defendant has not, nor ever had the possession of said lots, and this. &c.

To this plea, the plaintiff demurred, and the Court sustained the demurrer, and defendant declining to plead over, the Court rendered judgment for the plaintiff, from which this writ is prosecuted.

The error assigned is the judgment on the demurrer.

CLAY & HEYDENFLDT, for plaintiff in error—insisted, that none of the decisions heretofore made on the point raised in this case, apply here, because the plaintiff in error was never in possession of the lots which were the consideration of the note sued on; and also, because the plea alleges that the sale was made fraudulently.

PRYOR, contra—insisted, that the plea was bad :

1. Because it did not aver that the title to the lots was in the Commissioners.

2. Because it is argumentative, in not stating positively, that plaintiff, Dennis, bought from Webb.

3. In not stating the value of the interest which Webb bought, and which Dennis sold, &c.

4. The plea does not aver that the estate of Webb, is insolvent.

5. It does not aver that Webb had not made all the payments on the lots which were due at the time of plea pleaded.

6. It does not aver that Webb did not execute a bond with covenants conditioned to convey, or deed with covenants, &c. which would endemnify the defendants, if title were not made.

7. The charge of fraud, without alleging in what it consists, is not sufficient.

ORMOND, J.—We understand the plea, to state in substance, that the note in suit, was given for an interest in two lots in the town of Dadeville; that the lots were, in the first instance, purchased from the Commissioners of the town, by one Webb, the condition of the sale to him being, that the title was not to be made, until the payment of the purchase money, and that full payment has not been made by Webb, who is now dead: that with a knowledge of these facts, the plaintiff *fraudulently* sold the lots to the defendant, and cannot make, or obtain to be made a title therefor, and that the defendant has not now, and never had possession of the lots.

It is not stated, that the contracts for the sale of these lots from the Commissioners to Webb, from Webb to the plaintiff, and from him to the defendant, were not in writing, and waiving the consideration of the question, whether they should not

Williams *v.* Haney.

have been set forth, that the Court might judge of their validity, we must at least assume that these several contracts were binding on the parties, as the plea must be construed most strongly against the pleader.

There was then a contract between these parties, and the defendant must show, to be absolved from it, either that he has performed it, or that he is excused from its performance. The former is not pretended, but the latter appears to have been considered by the pleader, as a consequence of the allegation, that the plaintiff could not perform the contract on his part. This might have been sufficient to authorise the defendant to rescind the contract, if on his offer to perform it on his part, the plaintiff had refused, as was held by this Court, in Clemens v. Loggins, 1 Ala. Rep. 622, and in Stone v. Gover, ibid, 287; but until this is done, the contract is in force, and binding on both.

Great stress is laid by the counsel for the plaintiff in error, upon the allegation, that the defendant never had possession of the lots, and it appears to have been supposed, that therefore, he could repudiate the contract at his pleasure; but such is not the law. If indeed, possession had been taken and held, that alone would be conclusive to show that the contract was still in force, but it by no means follows, that the omission to take possession, or the mere abandonment of it afterwards, is evidence that the contract has been rescinded. See, Clemens & Loggins, above cited, and Young v. Triplett, 5 Littell, 247.

The principal reliance appears to have been on the allegation, that the sale was fraudulently made by the plaintiff. It has been decided at the present term, in the case of Giles v. Williams, that a plea alleging fraud, must state the facts which constituted the fraud. There are no facts stated in this plea, which are not consistent with entire good faith on the part of the plaintiff below. The omission to state the fact that, Webb, the first purchaser, was not to receive a title, until all the purchase money was paid, is no evidence of a fraudulent intent; as it must be unimportant to the defendant, whether the amount still due, is paid by the estate of Webb, or by the plaintiff himself, who must have stipulated to make title to the defendant, and cannot do so, without discharging the debt due the company, if not paid by Webb.

24

It is also alleged that the plaintiff cannot make, or cause to be made to the defendant, a title to the lots, but no fact is shown supporting this conclusion. It appears that a part of the original purchase money is still due to the town commissioners, but upon the payment of this they will certainly be compelled to convey the title; at least such must be the presumption, until the contrary is shewn.

But if such was the fact, it would not be a defence in a Court of law, in a suit to recover the purchase money, the contract for the sale of the land still subsisting, and the vendor, therefore liable on his covenants. The remedy, in such a case, must be on the counter contract of the vendor, or in a proper case must be sought in a Court of Chancery. See the case of Young v. Triplett, 5 Littell, 247.

Let the judgment be affirmed.