KINDER *et al.* *v.* MACY *et al.*

To maintain a creditor's bill in chancery, in order to reach equitable assets, which are alleged to have been fraudulently conveyed, it is not sufficient simply to aver that the conveyance was fraudulent; but facts and circumstances must be set forth, which will reasonably sustain the theory of the bill.

If the purchasers from parties alleged to have been insolvent, bought in good faith, it is immaterial how many valid prior liens may have attached on the property; they are entitled to what remains after the liens are satisfied; or they would have a right to pay the liens and keep the property; and a Court of Equity would not interfere in such a case.

The prior liens, to the extent of their amount, diminish the value of the property, and meet so far the objection of inadequacy of price.

The fact that the purchaser of the property of a person actually insolvent, having been formerly an agent or clerk of the latter, does not necessarily raise the inference that his purchase was fraudulent: *aliter*, if he had taken an unfair advantage of the knowledge given by that position, or if it appeared that he had no apparent means to make the purchase.

Appeal from the District Court of the Tenth Judicial District, in the County of Yuba.

The plaintiffs, attaching and judgment-creditors of Adams & Co., filed a bill in equity against the defendants, Macy, Low, and Low, and a number of other defendants, praying for a decree setting aside certain conveyances of real property by members of the firm of Adams & Co., to Macy, Low, and Low; the other defendants being alleged to have or claim liens upon the property.

The bill alleges, that the conveyances to Macy, Low, and Low, were fraudulent, and made to hinder, delay, and defraud the creditors of Adams & Co.; that the property conveyed was worth twenty thousand dollars, and was sold for three thousand dollars; that Macy was formerly an agent of Adams & Co., and as such, conversant with their affairs; that at the time of such conveyances, Adams & Co. were, and have ever since been, insolvent. The bill alleges that the conveyances to Macy, Low, and Low, were made subsequent to the attachments of the plaintiffs on the property in question, (amounting to about twelve thousand dollars,) but that they were made in pursuance of a pretended contract, made and recorded among "Miscellaneous Records" prior to the attachments, of which plaintiffs claim that they had no notice.

The bill further avers, that the value of the property is greatly depreciated by reason of the said conveyances, and prays that they be set aside and annulled, and the property sold to satisfy plaintiffs' claims, and that a receiver be appointed.

The defendants, Macy, Low, and Low, demurred to the bill. The Court below sustained the demurrer, and gave judgment for defendants. Plaintiffs appealed.

*Charles Lindley* for Appellants.

*Field and Swezy* for Respondents.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

To maintain a creditor's bill in chancery, in order to reach equitable assets which are alleged to be fraudulently conveyed, it is not sufficient simply to *aver* that the conveyance was fraudulent, but facts and circumstances must be set out and shown, which will reasonably sustain the theory of the bill.

In the present case, unless the defendants, Macy, Low & Co., received the conveyance under which they hold the property, with a view to hinder, delay, or defraud creditors, the complainants' bill can have no standing in a Court of Equity. For if Macy, Low & Co. have purchased in good faith, it is immaterial how many valid prior liens may have attached on the property, they are entitled to what remains after the satisfaction of those liens, or they would have the right to pay the liens and keep the property, and in such a case, a Court of Equity would not interfere, because the whole subject could be well disposed of by a Court of Law.

What, then, are the allegations upon which the complainants rest to convict the defendants of a fraudulent transaction? They call the deeds of conveyance fraudulent, and charge them to have been made with the intent to hinder, delay, and defraud the creditors of Adams & Co.; but all this is mere averment. Then comes the charge of Adams & Co.'s insolvency, but that is insufficient to taint the purchase, for it may be the highest duty of an insolvent to sell his property in order to pay his debts.

The only other facts which seem to be relied on, is, that Macy was formerly the agent of Adams & Co., and knew all about their condition, and that the price paid for the property was inadequate, being only three thousand dollars, when, as it is said, the property is worth twenty thousand dollars.

The first of these averments amounts to nothing. A man having been agent or clerk of an insolvent, cannot, necessarily, raise the inference, that his purchase of the insolvent's property was fraudulent. If it could be shown, that he had taken an unfair advantage of the knowledge which that position gave him, so as to possess himself of property at a smaller sum than its value, or, if it appeared that he had no apparent means of making such a purchase, these would be circumstances which would demand

of a Court the strictest investigation. But there are no such charges made.

As to the inadequacy of the price paid, it seems from the facts set out in the bill, that before purchase by Macy, Low & Co., the complainants had already attachments on the property for about twelve thousand dollars, a sum to be largely increased by the costs of suit in three different prosecutions. It also appears that there were a large number of other creditors, many of whom may have also had prior attachments, creating liens on the property, before the defendants' purchase, as far as we may know. But, with the prior liens alone, set up and disclosed by the bill, we are satisfied that the price charged to have been given for the property by Macy, Low & Co., is not obnoxious to the charge of inadequacy to any such extent, as will prevail upon the conscience of a Court of Equity to disturb it upon that ground, or to make it lend itself as weight to sustain the accusations of fraud.

We are, therefore, of opinion, that there are no sufficient facts averred in the bill to sustain the allegation of fraud in the purchase of Macy, Low & Co., that there is, consequently, no equity in the bill, and that the parties must be left to their remedies at law.

Judgment affirmed.