# Jackson *et al.* v. Hooper & Nolen.

*Bill in Equity for Receiver and to Foreclose Mortgage.*

1- *Sufficiency of allegations in bill by mortgagee for receiver.*—A bill to foreclose a mortgage and for a receiver pending suit alleging that the property was insufficient to pay the mortgage debt, that the mortgagors were insolvent, and refused to deliver possession, and had failed to pay the taxes or keep the property insured, as required by the mortgage, contains equity and states facts sufficient to warrant the appointment of a receiver.

2. *Affidavits as to value of mortgaged property on application for receiver.*—On application by a mortgagee for a receiver the court will not closely scrutinize, for the mortgagor's benefit, conflicting affidavits as to the value of the property where it appears the debt is past due

[Jackson *et al.* v. Hooper & Nolen.]

and the mortgagor has failed to pay taxes and insurance as required by the mortgage.

3. *Note of submission.*—Rule 77, chancery practice, requiring the register to make a note of the submission for hearing, does not apply to a mere interlocutory application for a receiver pending suit.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellees, Hooper & Nolen, to foreclose a certain mortgage, which they held on certain property belonging to the appellant, C. J. Jackson, situated in Alexander City, Tallapoosa county, Alabama, and asking that a receiver be appointed to take charge of the property pending the foreclosure suit, and to rent, insure and keep the same from waste. It was averred in the bill that the respondent, C. J. Jackson, was insolvent, that the property was insufficient to pay the indebtedness secured by this mortgage; that the property, which consists principally in buildings, was uninsured, although the mortgage provides that the same should be insured in reliable companies; and that the taxes upon the property were unpaid. The indebtedness of this respondent to the complainants is shown to be $6,000 with interest from the 1st of December, 1892, and the attorneys' fees, for which the respondent was liable for foreclosing this mortgage, and an amount due upon a prior mortgage to the Southern Home Building & Loan Association of Atlanta, Ga. in the sum of $1,000, making a total indebtedness of about $10,000. The application for the appointment of a receiver was made to the chancellor in vacation, and notice was served upon the respondents of the time and place that the application would be made. A number of affidavits were filed both by the complainants and the respondents, as to the value of the property, upon the submission of the cause for the appointment of a receiver The affidavits of eight persons, who were acquainted with the property, estimated the value of the same at $7,000, and one who estimated the value at $7.500, were filed by the complainants, and a number of affidavits showing the insolvency of the respondent, Jackson. The respondents filed the affidavits of five persons, who were acquainted with the property, who estimated the value at from $10,000 to 12,000, and three others who estimated the value at $15,000. The respondents also filed addi-

tional affidavits of three parties, who had already made affidavits for the complainants, estimating the value at $7,000, stating that this value of $7,000, was upon the basis of the present financial condition of the country, and that in ordinary times the property would be worth more than $7,000. It is not denied in the affidavit of the respondent himself, or of any other person that he is insolvent, nor does he claim that the property was insured, and that the taxes were paid. Upon the submission of the cause, upon the application to appoint a receiver in vacation, to the chancellor, both on the averments of the sworn bill and the affidavits of the complainants and respondents, the chancellor appointed a receiver to take charge of the property pending the suit.

The respondent appeals from this decree, and assigns as error that the chancellor erred in appointing a receiver, 1st, because the bill was without equity; 2d, the evidence submitted to the chancellor was insufficient to authorize the appointment, and 3d, the evidence does not show that the property mortgaged was insufficient security for the mortgage debt.

J. M. CHILTON, for the appellants.—Rule 77 of Chancery Practice, requires that a note of the testimony offerred on the hearing of any cause, shall be made. The rule is mandatory. It expressly declares that testimony not so noted, "must not be considered as any part of the record, nor be considered by the chancellor." It also provides that the rule shall apply to "a hearing on bill and answer, *motion*, demurrer, exceptions," &c., as far as applicable.

In *Reese v. Barker*, 84 Ala. 474, it is said that the rule is "both *mandatory* and *prohibitory*."

In this cause, this court cannot tell from the record, what testimony was offered, or that any was offered. There was no note of testimony whatever.

Nor does the Chancellor's decree show. It simply shows that the motion was submitted, and upon consideration, it was ordered, &c., that a Receiver be appointed, &c. It does *not* show, as contended by appellees, that he considered the sworn bill. He could not have considered the sworn bill as *evidence* for any purpose, unless it was included in a note of submission.—*Rice &*

[Jackson *et al.* v. Hooper & Nolen.]

*Wilson v. Tobias*, 83 Ala. 348: *Goodloe v. Dean*, 81 Ala. 479; *Reese v. Barker*, 84 Ala. 474.

The fact that the hearing was before the Chancellor in vacation, did not dispense with the necessity of complying with the Rule. The object of the Rule is to inform the Chancellor on the hearing, *and this court, on appeal*, of the evidence relied upon.

The evidence as to the necessity for a Receiver, was, to say the least, conflicting. Under such circumstances, the Chancellor should have required the complainant to give bond. The building (or the two upper stories of it) are being operated as a hotel by Mr. Jackson. The character of the business is, therefore, such that a receivership means its destruction. It has become almost the *rule* to require bond in such cases.

In *Hendrix v. American Freehold Land & I. Co.*, 95 Ala. 313, (cited by appellee) the mortgage was upon *crops*, which it was alleged were being misappropriated. See also, where bond was required, *Suckhoff v. Vandergrift*, 98 Ala. 192. But the evidence did not justify the appointment of a receiver. It is a settled principle that in cases of this character, the inadequacy of the security must *clearly* be shown.—*Hendrix v. Am. Free. Land Co.*, 95 Ala. 313; *Blendheim v. Moore*, 11 Md. 365; *Moritz & Weil v. Miller & Co.*, 87 Ala. 331; *Lindsay v. Am. Mortgage Co.*, 97 Ala. 411; *Shotwell v. Smith*, 3 Ed. Ch. (N. Y.) 588.

And its rental value is the best test—rather than the mere opinion of witnesses as to its selling value.—*Shotwell v. Smith*, 3 Ed. Ch. (N. Y.) 588.

It is also questionable whether the bill contains equity. It is not a bill to foreclose the equity of redemption, but is a bill to redeem from a prior mortgagee and to foreclose both mortgages. The second mortgagee had no right to redeem, *because no default* had *occurred* as to the first mortgage. A second mortgagee cannot redeem from a first mortgage before it is due.

KNOX, BOWIE & DIXON, for the appellees.—There is equity in the bill, complainants having a right to have a receiver appointed, pending the foreclosure of the mortgage.—*Ashurst v. Lehman, Durr & Co.*, 86 Ala. 370; *Hendricks v. Amer. Freeh. Land & Mort. Co.*, 95 Ala. 313; *Beach on Receivers*, § 51; *High on Receivers*, § 643.

[Jackson *et al.* v. Hooper & Nolen.]

A receiver should be appointed upon application, where bill is filed to foreclose a mortgage, and it is shown that the mortgagee is insolvent and the security inadequate.—*Foster v. Brierfield Iron Works Co.*, 54 Ala. 622; *Micou v. Moses Bros.*, 72 Ala. 439; *Ashurst v. Lehman, Durr & Co., supra; High on Receivers*, § 643; *Hendricks v. Mortgage Co.*, 95 Ala., *supra.*

It is a general rule, that the discretion of the lower court, in appointing or refusing to appoint a receiver, will not be interfered with by the appellate court, unless there has manifestly been an abuse of such discretion, or a violation of some recognized principle of law. —*20 Am. & Eng. Ency. of Law*, p. 107; *Miller v. Lehman*, 87 Ala. 517; *High on Receivers*, § 667, p. 631.

Upon the default of the payment of the secured debt and the mortgagor of the mortgaged premises becomes insolvent, the mortgagee may have a receiver appointed pending his suit for foreclosure and thus intercept the rents and profits when the property itself is not adequate security or when there is imminent danger of waste or destruction.—*In re Tallassee Mfg. Co.*, 64 Ala. 567; *Mortgage Co. v. Turner*, 95 Ala. 272; *Hendricks v. Amer. Freehold Mort. Co.*, 95 Ala. 313; *Phillips v. Taylor*, 96 Ala, 426; 2 Jones on Mortgages, pages 482 to 494.

Where the mortgagor, who agreed in the mortgage to insure the property, pay the taxes and keep it in repair, failed to do so and was shown to be insolvent, the court will not closely scrutinize conflicting evidence as to the value of the mortgaged premises for which a receiver was appointed.—*Eslava v. Crampton*, 61 Ala. 507; Beach on Receivers, p. 462, § 526; 2 Jones on Mortgages, p. 494, § 1533.

The depressed value of real estate and inability to sell the same for its true value cannot be considered in passing upon the true value of the property.—*Morrison v. Morrison*, 17 So. Rep. 109; 86 Ala. 370.

COLEMAN, J.—The appellees filed their bill to foreclose a mortgage, and prayed for the appointment of a receiver pending the foreclosure suit. The court granted the motion, and the appeal is prosecuted from the order appointing a receiver. The averments of the bill, upon which the appointment of the receiver was prayed, are, that the value of the property is inadequate to pay the

mortgage debt, that the respondents are insolvent, and refuse to deliver possession of the property, that they are collecting the rents and applying them to their own use, instead of to the mortgage debt, that respondents agreed in their mortgage, to keep the property insured for the benefit of the mortgagee in case of loss, which they have failed and refused to do, and that the mortgagors have failed to pay the taxes assessed against the property. Without doubt these facts, if true, authorized the appointment of a receiver. Notice of the application was duly given, and the motion was heard and determined by the court upon affidavits filed by the complainants, and counter affidavits by the respondents.

We find but one material averment in the bill seriously controverted by the respondents, and that is, as to the value of the property. There is perhaps no question of fact about which parties so widely differ, as they do in the valuation of property. The affidavits offered by the complainants, place the value of the property below that which is necessary to cover the debt secured, including attorney's fee, and taxes which were past due and insurance, while the affidavits of the respondents, place the value at an amount amply sufficient, and leave a balance. The proper estimate is that placed upon the property at the time of the hearing, and not what the property may have been worth at some previous time, or the probable enhancement at some future day. Tested by this rule, our conclusion is that the weight of the evidence, derived from *ex parte* affidavits, is with the complainants. In addition to this consideration, the conduct of the mortgagor does not invoke the favorable consideration of the court. He has delayed the payment of the debt for a considerable period since it became due, and refused to surrender possession of the premises, or to turn over the rents as collected. He agreed in his mortgage, to keep the property insured, which has not been done, and has failed to pay the taxes. It was said in the case of *Eslava v. Crampton*, 61 Ala. 507, under these circumstances, the court will not closely scrutinize the conflicting affidavits as to the value of the property, on an application for the appointment of a receiver, pending a suit to foreclose the mortgage.

That the bill has equity is elementary.—*In re Tallas-*

[Postal Telegraph Co. v. Lenoir.]

*see Mfg. Co.* 64 Ala. 567; *Hendricks v. Freehold Co.* 95 Ala. 313; *Eslava v. Crampton, supra; Ashurst v. Lehman, Durr & Co.* 86 Ala. 370.

There is nothing in the point, that the register did not make a note of submission for the hearing. Rule 77 Chancery Practice, was not intended to apply to a mere interlocutory application for a receiver pending a suit. It does not appear that any such objection was raised at the hearing.

Affirmed.