# Kinney, *et al.* v. Reeves & Co. *et al.*

## Bill in Equity for Discovery of Assets.

1. *Bill for discovery; sufficiency of averment.*—A bill filed by simple contract creditors against their debtors for discovery of assets under the statute (Code, §819), which avers that the defendants are indebted to the complainants in certain various amounts, that the defendants have no visible means subject to legal process of value sufficient to pay the claims of complainants; that the defendants have no property standing in their own name or in the name of the partnership of which they are members, which can be reached or subjected to legal process for the satisfaction of the claims of complainants, but that defendants have property, real or personal, or money

or effects or choses in action, or have an interest in real or personal property, money, effects or choses in action, which are, and should be subject to the payment of complainants' claim, but the kind and description of the property and how the same is held are kept concealed and hidden by defendants, and are unknown to complainants, and that a discovery is necessary to enable complainants to reach and subject the property to their respective claims, is sufficient in its averments to authorize the maintenance of such bill; and is not subject to demurrer upon the ground that it is not shown by such averments that the property sought to be discovered would not be exempt from the payment of complainants' claims.

2. *Bill for discovery; sufficiency of affidavit.*—Where a bill is filed by creditors against a common debtor seeking a discovery of assets of the defendant, and it is averred in the bill that each of the complainants is a non-resident of the State, the verification of such bill by the affidavit of one of the complainants' counsel in which the affiant states that the complainants were absent from the State, shows a sufficient reason why the verification was made by one of the counsel for the complainants, (Rule 15 of Chancery Practice, Code, p. 1205.)

3. *Same; same.*—Where the averments of the bill for discovery are positive and are not made upon information and belief, the verification of such bill by an affidavit made by one of complainants' counsel, which states that the complainants are absent from the State, and that the statements contained in the bill of complaint are true, is sufficient.

APPEAL from the Chancery Court of Cullman.

Tried before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees, who constituted three separate and distinct partnerships, all of whom were non-residents of the State of Alabama, against the appellants. The purpose of the bill and the averments of facts are sufficiently set forth in the opinion. The bill was verified by the affidavit of Robert L. Hipp, who was one of the complainants' counsel, and this affidavit was as follows: "Before me, A. E. Hewlett, Register in Chancery within and for the County and State aforesaid, personally appeared Robert L. Hipp, who being by me duly sworn on oath, says that he is one of the solicitors of the complainants in the above entitled case, and, that all of the complainants are absent from

[Kinney *et al.* v. Reeves & Co. *et al.*]

the State of Alabama, and the statements contained in the bill of complaint as filed by the complainants in said cause are true. (Signed) Robt. L. Hipp."

The defendants demurred to the bill upon the following grounds: "First. Because it is not alleged therein that the said defendants conceal or withhold any assets or property liable to the satisfaction of said alleged debts, and which can be legally subjected thereto. Second. Because from all the allegations in said bill said discovery would be useless and unavailing to the complainants, in this that the property or assets, if any, discovered, would be exempt from said debts. Third. Because said bill is not verified as required by law in this, that it is verified by attorney, and no sufficient excuse is shown therefor, the facts that complainants are absent from the State, not being sufficient. Fourth. Because said bill is not properly verified in this, it is verified by attorney alone and it is not shown therein that he had any knowledge of any facts to which he was verifying."

On the submission of the cause upon this demurrer, the chancellor rendered a decree overruling said demurrer. From this decree the defendants appeal and assign the rendition thereof as error.

GEORGE H. PARKER, for appellants.—The bill must show that the defendants have "means, assets, not accessible under legal process *liable to the satisfaction of the debt,* for the discovery of which the bill is presented."—*Lawson v. Warren,* 89 Ala. 587; *Gyuice v. Parker,* 46 Ala. 616; *Sweeter v. Buchman,* 94 Ala. 574.

The affidavit by whomsoever made, must be made by some one acquainted with the facts.—*Youngblood v. Schamp,* 15 N. J. Eq. 42. Here are some Alabama cases which require the party making affidavit to show that he had some knowledge of that which he was swearing to, and could not make a wholesale affidavit, whether he know the facts or not.—*Pick's Admr. v. Ezzell,* 27 Ala. 623; *Glove Iron Co. v. Thacher,* 89 Ala. 465; *Burgess v. Martin,* 111 Ala. 656.

BROWN & HIPP, *contra*—The averments of the bill in this case are sufficient as a bill for discovery.— *Drennen v. Alabama National Bank,* 117 Ala. 320; *Moore v. Ala-*

*bama National Bank,* 120 Ala. 89; *Freeman v. Rullen,* 119 Ala. 235, and authorities there cited; *Pollak v. Billing,* 131 Ala. 519.

The affidavit shows that the complainants are non-residents which is a sufficient reason for the bill being verified by an attorney.—Ch. R. P. 15p. 1305 of Code; *Guyton v. Terrell,* 132 Ala. 66. Since the affiant made affidavit that the statements in the bill "are true," and did not say "by information, etc." when it is not necessary or expected that he sets out any facts showing why or how he knows them to be true.—*Burgess v. Martin,* 111 Ala. 656; *Guyton v. Terrell,* 132 Ala. 66.

DENSON, J.—The bill was filed by simple contract creditors for discovery of assets under section 819 of the Code, and to subject them to the payment of complainants' debts due them by the respondents.

After averring that the respondents P. H. Kinney and F. H. Kinney were engaged in a general merchandise business at Nauvoo, Alabama, under the firm name and style of P. H. Kinney & Company, and that they became indebted to complainants in the various amounts set forth in the bill, which amounts are averred to be past due and unpaid, the bill avers that the said P. H. Kinney and F. H. Kinney and said P. H. Kinney & Company have no visible means subject to legal process of value sufficient to pay the claims of complainants; that the said P. H. Kinney and F. H. Kinney have no property standing in their own name, or held by them in their names, or in the name of the said partnership of which they are members, which can be reached or subjected to legal process for the satisfaction of the claims of the complainants but that said P. H. Kinney and F. H. Kinney and P. H. Kinney & Company have property, real or personal, or money, or effects, or choses in action, or they have an interest in real or personal property, or money, or effects, or choses in action which are and should be subjected to the payment of complainants' claims, but the kind and description of the property and how the same is held, it is averred, is kept concealed and hidden out and is unknown to complainants. It is then averred that a discovery is necessary to enable com-

　　　　SUPREME COURT　　　[Nov. Term,

plainants to reach and subject the propery to complainants' claims.

Tested by the rules of pleading laid down in the cases of *Sweeter, Pembroke & Co. v. Buchanan*, 94 Ala. 574 and *Pollak v. Billing*, 131 Ala. 519, applicable to bills of discovery, the averments of the bill are sufficient against the first and second grounds of the demurrer. Furthermore, as to the second ground of the demurrer, the averments of the bill do not show that the property sought to be discovered would be exempt from being applied to the satisfaction of complainant's debts, and this ground of demurrer seeks to introduce by demurrer matter which is foreign to the allegations of the bill, and, therefore, it falls under the head of what is commonly characterized as a "speaking demurrer."—*Bromberg Bros. v. Heye Bros.*, 69 Ala. 22; *Ramage v. Towles*, 85 Ala. 588.

Rule 15 of chancery practice, Code, p. 1205, provides that a bill may be sworn to by an agent or attorney, but the affidavit must set forth a sufficient reason why it is not verified by the complainant himself. We think the fact the complainants were absent from the State, as shown in the affidavit, a sufficient reason why the verification was not made by one of them.—*Guyton v. Terrell*, 132 Ala. 67.

The averments of the bill are positive and are not made upon information and belief. The affidavit positively affirms that the statements contained in the bill are true.

The point made against this affidavit by the 4th ground of the demurrer is, that the affidavit is made by an attorney and it is not shown in the affidavit that the affiant had any knowledge of the facts which he was verifying. We must in the absence of any thing to the contrary presume the existence of such knowledge, when the averments of the bill are direct and positive and the affiant swears positively, and not upon information and belief. In the cases cited by appellant, namely, *Pick's Admr. v. Ezzell*, 27 Ala. 623; *Globe Iron Co. v. Thacher*, 87 Ala. 465; *Burgess v. Martin*, 111 Ala. 656, the affidavits appear to have been made upon information and belief.

[Barnewell *et al.* v. Stephens.]

There is no error in the record and the decree of the chancery court is affirmed. The defendants will be allowed thirty days in which to answer the bill.

Affirmed.

McCLELLAN, C. J., HARALSON and DOWDELL, J. J., concurring.