(93 South. 833)

TOWN OF SAMSON v. CHICAGO TITLE & TRUST CO.   (4 Div. 974.)

(Supreme Court of Alabama.   June 15, 1922.)

**1. Equity ⬤═372—Note of submission not necessary on application for receiver in pending cause heard on pleadings.**

Chancery rule, requiring the register to make a note of the submission for hearing, does not apply to an order on application for receiver in pending cause, heard on bill and exhibits thereto and answer, without evidence being offered.

**2. Mortgages ⬤═468(1)—Appointment of receiver in foreclosure suit held proper.**

Appointment of receiver in suit to foreclose mortgage on waterworks and electric light plant of town, alleged to be insolvent, *held* proper.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill by the Chicago Title & Trust Company against the Town of Samson to foreclose deed of trust, and, in aid thereof, petition for appointment of a receiver. From a decree appointing a receiver, defendant appeals. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

Power to appoint a receiver and sequestrate property will be exercised with great caution, and can be resorted to only in extreme cases.   147 Ala. 340, 41 South. 909.

Oscar S. Lewis, of Dothan, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1] Chancery rule No. 75 is not applied to an order on application for receiver in pending cause, in support of which there was no evidence offered, but hearing had on bill and exhibits thereto and answer of respondent. Jackson v. Hooper, 107 Ala. 634, 18 South. 254; Jones v. Beverly, 45 Ala. 161.

[2] The decree recited a submission upon the application of complainant for appointment of a receiver and, upon consideration by the court, of the bill, filed for the purpose of foreclosing a mortgage executed by respondent to complainant as trustee, charging that the mortgaged property is inadequate, etc.; that respondent is insolvent, the property mortgaged being a complete system of waterworks and electric light plants of the town of Samson; that part of the debt is due and unpaid; "and unless a receiver is appointed to take charge of said property complainant will lose a large part of said mortgage debt;" and the answer of respondent that a receiver was appointed. An inspection of the entire record convinces us that there was no error in the appointment of the receiver by a decree safeguarding the

respective interests of the parties and the rights of the general public of that municipality to be served by the light and water plants made the subject of the mortgage and required to be operated by the receiver under directions of the court.

It would be productive of no good purpose to discuss the rules governing the appointment of receivers in limine. It is sufficient to say that the court has exercised that degree of· caution required by law in the appointment of the receiver and in safeguarding his actions as such, and the interest of the public by the decree. Skidmore v. Stewart, 199 Ala. 566, 570, 75 South. 1.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.