(129 So. 465)

**GREEN, Superintendent of Banks, v. MARTIN et al.**

6 Div. 622.

Supreme Court of Alabama.

June 26, 1930.

H. L. Anderton, of Birmingham, for appellant.

Fitts & Fitts and William S. Pritchard, all of Birmingham, for appellees.

TIIOMAS, J.

The several cases growing out of the Ensley Bank failure are reported as D. F. Green v. Smith et al. (Ala. Sup.) 129 So. 92,[1] and Ex parte D. F. ·Green, Superintendent of Banks, etc., ante, p. 415, 129 So. 69, ante, p. 298, 129 So. 72, and have been reconsidered with the instant case.

The present bill is on information and belief, and the receiver was appointed for the Bank of Ensley, after notice and hearing on the pleading and the affidavit of D. F. Green attached to his motion on file, and under the circumstances shown by stenographic report on file and here indicated in the return to certiorari.

■ When a bill is without equity, it is subject to demurrer testing the same as to its sufficiency or failure. Section 6553, Code; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45.

■ A verification of a bill in equity for the appointment of a receiver, based on information and belief, is held insufficient. Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818; Birmingham Belt R. Co. v. City of Birmingham, 211 Ala. 674, 101 So. 599; Worthen v. State ex rel. Verner et al., 189 Ala. 395, 66 So. 686; Smith-Dimmick Lumber Co. v. Teague, Barnett & Co., 119 Ala. 385, 390, 24 So. 4; Burgess & Co. v. Martin, 111 Ala. 657, 20 So. 506; Moritz & Weil v. Miller, Schram & Co., 87 Ala. 331, 6 So. 269. It is stated in the oath (here): (1) That the verification is upon information and belief, and (2) that affiant has been "informed and believes * * * that each and every fact as therein stated is true and correct." The statute provides that where a bill is sworn to by an agent or attorney, the affidavit must set forth a sufficient reason why it is not verified by the complainant himself. There was no pretense at observance of the rule in the last-named respect. Chancery Rule No. 15, page 1942, Code of 1928; Woodward v. State, 173 Ala. 7, 13, 55 So. 506; Kinney et al. v. Reeves & Co. et al., 142 Ala. 604, 39 So. 29; Guyton et al. v. Terrell, 132 Ala. 67, 31 So. 83. The observance of the foregoing rules should have been complied with.

■■ The method employed in this verification is insufficient and irregular, and was duly challenged. However, in such a matter (in a proper case), it is customary to give a reasonable opportunity to supply such a defect. Sims v. Riggins, 201 Ala. 99, 100, 77 So. 393;

Forney v. Calhoun County, 84 Ala. 215, 4 So. 153.

We will treat the bill as if properly verified; will therefore consider the bill on its averment, and as challenged by the motion to strike and the affidavit of respondent Green, stating his version of the facts in the nature of reply and answer, etc., to the end of an interlocutory order for a receiver in a pending suit. Brasher v. Grayson, 217 Ala. 674, 117 So. 301; Town of Samson v. Chicago Title & Trust Co., 208 Ala. 18, 93 So. 833, and authorities; Jackson et al. v. Hooper & Nolen, 107 Ala. 634, 18 So. 254; Jones' Adm'r v. Beverly et al., 45 Ala. 161.

■ Rules 75 and 76 of Chancery Practice, as to the notation by the register of evidence, have no field of operation where the application is for an interlocutory order for receiver in aid of a pending suit.

Looking then to the facts averred and denied by Green's affidavit, we must apply the rule of this court as to the powers and duties of the superintendent of banks, in a case not within the influence or exception indicated by Blythe v. Enslen, 219 Ala. 638, 123 So. 71. The rule is well stated in McDavid v. Bank of Bay Minette et al., 193 Ala. 341, 69 So. 452; Slaughter v. Green, 205 Ala. 250, 87 So. 358; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139, under the statute that obtains in this jurisdiction, section 6360, Code. The reason for this declared public policy was adverted to in McDavid v. Bank of Bay Minette et al., supra, and People v. Superior Court, etc., 100 Cal. 105, 34 P. 492; Attorney General v. C. L. I. Co., 53 How. Prac. (N. Y.) 22. Its wisdom and policy were that for the Legislature. Neall v. Hill, 16 Cal. 145, 76 Am. Dec. 508.

If then a bill seeks relief within the exception to such declared rule, as was the case in Blythe v. Enslen, supra, the specific facts that give the right are required to be stated; and the same may not be rested upon inference or conclusions. If it be insisted upon because of disqualification by reason of bias, favor, or other state of facts, or for fraud or collusion on the part of the superintendent of banks, the specific facts presenting a conclusion of law from such averred facts must be declared—and facts that warrant other and different relief than the statutory protection and relief to which we have referred.

■ The requirement of averments in this, as in any other case of fraud, is that the facts must be averred showing the fraud or disqualification, or collusion as a conclusion of law from the facts alleged, and not by way of mere conclusions of the pleader. That is to say, in this jurisdiction it has long been settled that: "Fraud is a conclusion of law from facts stated and proved. When it is pleaded, at law, or in equity, the facts out of which it is supposed to arise must be stated: a mere general averment, without such facts is not

---

sufficient. The court cannot, on such averment, pronounce judgment." See Words and Phrases, Third Series, vol. 3, p. 2945; Kinder v. Macy, 7 Cal. 206; Catchings v. Manlove, 39 Miss. 667; Clay v. Dennis, 3 Ala. 375; Bryan v. Spruill, 4 Jones, Eq. [57 N. C.] 27; Story's Eq. Pl. § 251a; Pickett v. Pipkin, 64 Ala. 520; Reynolds v. Excelsior Coal Co., 100 Ala. 296, 14 So. 573; Steiner v. Parsons, 103 Ala. 215, 13 So. 771. In Friedman & Loveman v. Shamblin et al., 117 Ala. 454, 23 So. 821, 824, Mr. Chief Justice Brickell said: "Fraud will not be imputed from suspicious circumstances alone, susceptible of an hypothesis consistent with honesty and innocence; nor will the burden of proving the issue be considered sustained simply by the testimony of one witness tending to establish the facts alleged to constitute the fraud, when these facts are positively denied and refuted by the party charged with the fraud."

When the bill and reply of the superintendent of banks, and the other affidavits and proceedings exhibited, are duly considered, no fraud or disqualification, or collusion is sufficiently averred or shown. From facts thus disclosed there was no warrant of law for taking from said official and his duly appointed agent, the collection and administration of the bankrupt estate and recovery of assets of the Bank of Ensley. The provisions of the statute were ample and of force. And the appointment of a receiver was improvident and is hereby discharged. The superintendent of banks had theretofore filed his bill, and was in due administration of the trust and in the due discharge of the duties of his office and as said state official.

The decree of the circuit court, in equity, appointing said Receiver Dryer is reversed, and one here rendered vacating the order of appointment, and judgment is rendered discharging said receiver.

Reversed and rendered.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.