(131 So. 239)

BOARD OF EDUCATION OF JEFFERSON COUNTY et al. v. STATE ex rel. KUCHINS et al.

6 Div. 750.

Supreme Court of Alabama.

Nov. 20, 1930.

Huey, Welch & Stone, of Bessemer, for appellants.

C. L. Odell, of Bessemer, for appellees.

## THOMAS, J.

The petition for mandamus and rule nisi pursuant thereto were directed to the respective bodies and their members and officials having to do with schools, funds, and the attendance upon the public schools in and near to the city of Bessemer.

The respective parties are the board of education of Jefferson county and its members, the superintendent of schools of Jefferson county, the board of education of the city of Bessemer and its members, the superintendent of its public schools, and the superintendent of education of the state of Alabama.

The prayers of the petition are to the effect that said boards be required to make an agreement whereby "children of school age living outside of the city limits of Bessemer, but nearest to said city schools may attend the city schools, or whereby children living in said city of Bessemer nearest county schools of Jefferson county, Alabama may attend said county schools"; that provision be made for relators' respective children to be permitted to attend city schools free of charge and without the payment of tuition for attendance for the school year 1929–30; that said children be given due and proper credit for work done in said city school during the past scholastic year 1929–30, and to provide for their advancement to the proper grades in said school;

that "if in aught they are mistaken as to the rights, powers and prerogatives of said Boards of Education, then that such Boards of Education or said Superintendents of Jefferson County and the City of Bessemer and the said State Superintendent of Education be directed to take whatever action that may be necessary to give Relators and their said children, respectively, whatever relief they may be entitled to under and by virtue of said Alabama School Code by reason of the facts hereinabove stated"; and for general relief.

To this petition are exhibited respective petitions theretofore directed by petitioners to said respective boards and members thereof (board of education of Jefferson county, board of education of city of Bessemer) to make the proper and lawful agreements, and to take necessary action to provide for said children to attend the city schools of Bessemer. And as to this it is averred in this petition (of the board of education for Jefferson county) that "said Boards of Education failed or refused upon said written request or demand to make such an agreement and have continuously, throughout the said school term to the time hereof, failed or refused to make any such arrangement or agreements." It is likewise averred that the board of education for the city schools of Bessemer failed or refused to grant their said request on demand or to make the agreement indicated; that, "notwithstanding said Boards of Education failure or refusal to make such an agreement, they have continued to send their said children to the said city schools of Bessemer, that the Superintendent of the said city schools has made repeated demands on Relators that they pay tuition to the school authorities of the said City of Bessemer for their said children, and has repeatedly threatened to expel said children from such school unless said tuition was paid. Relators further aver that notwithstanding such threats of expulsion they have continued to send their said children to said city schools of Bessemer, but that the school authorities of said city school are now withholding proper credits for work of such children in said city school unless Relators pay said tuition." It is further averred "that, being unable to have said Boards of Education make an agreement whereby their said children could attend the said city schools of Bessemer free of charge, they have by verbal request or demand and by correspondence with A. F. Harman, State Superintendent of Education, who, as relators are informed and are advised has authority in such cases under said Alabama School Code to direct said School Boards of Jefferson County and of the City of Bessemer, to make, or require said Boards of Education to make such an agreement"; "that under the terms of the said Section of said School Code that they are entitled, as a matter of law, to have said Boards of Education make said agreement and to provide for their said children to attend said City Schools of the said City of Bessemer free of charge on account of such children being nearest such schools, and that such children are entitled to receive due and proper school credits for their school work in such school while attending same, and that they are entitled to have the said Board of Education for Jefferson County, Alabama, authorize the payment, from the public school funds from said County, a ratable proportion of said funds to the duly authorized agent of the Board of Education of the City of Bessemer, for the attendance of their said children in said City Schools of Bessemer, both for that part of the school year which is now past, as well as that which remains."

The School Code providing, or seeking to provide, a harmonious system according to law and the best administration of the public schools, its patronage and expenditure of the public funds, contains many specific provisions that have been adopted and known as the Alabama School Code of 1927. Sections thereof are: Section 246, providing in substance: "As soon as practicable, after the State Superintendent of Education has apportioned the school funds to the several counties, and has certified the same to the County Superintendents of Education, the County Boards of Education shall apportion the funds awarded to their respective counties to the several schools and to cities having a City Board of Education in their counties so as to provide, *as nearly as practicable,* school terms of equal duration, *taking into consideration all public school funds";* section 250, in effect being: "All local school monies raised for the support of public schools by taxation or otherwise shall be apportioned and expended in the district or districts or counties in which the same were raised, *under such rules and regulations as the County or City Board of Education, as the case may be, may prescribe,* but this section shall not be construed to repeal any provision for the *apportionment and disbursement of monies mentioned in this Code* or provided for in special or local laws, and all funds contributed by persons or otherwise to any school or school district shall be applied as indicated in the grant from such contributors" (italics supplied); and section 720, which is as follows: "Any person residing in a County of over two hundred thousand population according to the last or any subsequent census, and who pays taxes on real estate situated in any Municipality in such County, which Municipality has over seventy-five thousand population according to the last or any subsequent Federal census, may, although not residing in such municipality, send his children to any public school of such Municipality upon the same terms, conditions and charges as if he resided within the corporate limits of said Municipality."

With the foregoing, and in article 9, under the heading of City Board of Education, is section 203 of the School Code, in words as follows:

■ "City and County Boards of Education shall have authority to reach agreements (1) whereby children in the City may attend the schools in the County, and (2) whereby the children in the County may attend the schools in the City, and (3) they shall do so when the school in the City or in the County, as the case may be, *is nearer to such pupils.* In the event the said Boards do not reach agreements for such attendance, the matter (4) shall be referred by either Board to the State Superintendent of Education who (5) shall, after investigation, issue an order relative to same which shall be binding on both Boards. (6) Other non-resident pupils may be admitted on such terms as the Board of Education of the City may prescribe." (Italics and numbers supplied.) We have subdivided its provisions for convenient reference. A field of operation, if such there be, and construction should be given this enactment that it will not be rendered repugnant to organic law.

To advert to the pleading before us and as pertaining to said section 203, School Code, it will be noted that the pertinent agreement said respective boards have "failed or refused" to make is stated in the petition as follows:

"Relators are advised and informed that under Section 203 of the Alabama School Code it is mandatory upon Boards of Education of Counties and of Cities to make an agreement whereby children of school age living in the County nearest the Public Schools of Cities may attend such schools, and those living in Cities nearest County Schools may attend the same. But Relators aver that they are informed and believe and upon such state as a fact that the Boards of Education of Jefferson County, Alabama. and of the City of Bessemer, Alabama, have made no such agreement as directed by said Code, whereby children residing in the County nearest the City Schools of the City of Bessemer may attend such school."

It is further averred as of fact:

"That Relators, together with their said children, each reside just outside of the City limits of the City of Bessemer, Alabama, residing a distance of 1.2 miles from the nearest city school in said City of the grade, curriculum or standard to which their respective children are eligible, and they each reside 3.6 miles from the nearest County School of Jefferson County, Alabama, of the grade, curriculum or standard to which their respective children are eligible."

Further pleadings in the record are: Demurrers of Bessemer board of education, motion to quash rule nisi by the board of education of Jefferson county, and its demurrers and answer of said county board of education, answer of the city board of education, and demurrers by petitioners to said answers by the county and city boards.

The rulings of the court are that sustaining demurrers of Mr. Erwin as superintendent of education of Jefferson county, of Mr. Bryan as superintendent of city schools of Bessemer, and of Mr. Harman as superintendent of education of the state of Alabama; and that overruling the demurrers to the petition directed thereto by the other parties; and sustaining of relators' demurrers to respondents' answers. It is recited in the judgment appealed from that:

"Respondents separately and severally decline to plead further and it appearing from petition that Relators are entitled to relief prayed for, let mandamus issue to Board of Education of Jefferson County, Alabama and each member thereof, to-wit: J. D. Moore, Cunningham Wilson, Will F. Frankie, Harry Denman, and J. W. Brooks and the Board of Education of the City of Bessemer, Alabama, and each member thereof, to-wit: Mrs. E. L. Huey, J. W. Leggett, Gardner F. Goodwyn, Dr. W. C. Head, and Julian Skinner requiring them to refer to A. F. Harman as State Superintendent of Education the matter of an agreement whereby children in the County may attend the schools in the City when nearer to said pupils as provided in Section 203 of the School Code. It appearing to the Court that said Boards have failed to reach an agreement for such attendance; Respondents separately and severally except.

"Respondents, Board of Education of Jefferson County, Alabama, and members thereof give notice of appeal," etc.

The bill of exceptions shows that respondents board of education of Jefferson county and its respective members, Mr. Erwin as superintendent of education, and Mr. Harman, as superintendent of education for the state, "jointly, and each separately and severally," moved, "the court to quash the rule nisi heretofore issued against them in this case and for grounds of this motion set down and assign the following," stating the grounds; and that the same was overruled by the court and exception taken—no evidence being introduced in support of said motion. And among the grounds assigned was not that of a proper verification. There are several assignments of error challenging the action of the court.

■ Counsel for appellants suggest or refresh judicial notice that the city limits of the city of Bessemer constitute the Bessemer school district (City of Birmingham v. Hawkins, Tax Col., 208 Ala. 79, 94 So. 62), and the

territory beyond the city and in that county constitutes the county district.

Relators have a community interest in the subject-matter, and proceeded in the same right and are properly joined as petitioners. Hughes v. Outlaw et al., 197 Ala. 452, 73 So. 16, Ann. Cas. 1918C, 872; Kennedy et al. v. County Board of Education, 214 Ala. 349, 107 So. 907; State ex rel. King et al. v. Board of Education of Russell County, 214 Ala. 620, 108 So. 588; 38 C. J. 847; 39 A. L. R. 1020.

The relief sought being for the enforcement of a public duty by respondents, action was properly brought in the name of the state on the relation of said petitioners. State ex rel. Smith, Treasurer, etc., v. White, Auditor, 116 Ala. 203, 23 So. 31; Longshore, Judge, etc., v. State ex rel. Turner, 137 Ala. 636, 34 So. 684; Bryce v. Burke, Probate Judge, 172 Ala. 219, 55 So. 635; 38 C. J. 834. And in mandamus a rule to show cause is treated as the substantial equivalent of an alternative writ, and, where the petition, on its face, shows a prima facie right, a rule nisi may be issued. Bryce v. Burke, Probate Judge, supra; Home Guano Co. v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Board of Rev. of Montgomery County v. Southern Bell Tel. & Tel. Co., 200 Ala. 532, 76 So. 858; Birmingham News v. State ex rel. Dunston, 207 Ala. 440, 93 So. 25; § 8978, Code. And the material allegation of the petition related to the enforcement of provisions of (section 203, School Code) a public statute, and the other facts are but qualifying facts, and the verification of the petition by one of the parties to the best of his information and belief and that the facts stated therein are true and correct was sufficient, in the absence of demurrer not waived. Green v. Martin (Ala. Sup.) 129 So. 465;[1] Ex parte Carlisle, 118 Ala. 175, 24 So. 30; 2 C. J. 355, § 87; Leigh v. Green, 64 Neb. 533, 90 N. W. 255, 101 Am. St. Rep. 592. This action is not classed among criminal proceedings. State of Ala. ex rel. Pinney v. Williams, 69 Ala. 311. And the decision in Ex parte Carlisle, supra, was for enforcement of purely private rights where all the facts were known to petitioner. However this may be, the respondent board of education appeared and filed its motion to quash the rule nisi, and, taking issue in law without having raised in the motion the preliminary question of sufficiency of verification, waived its rights as to this, if it had such right of objection that may have been presented in the nature of a plea in abatement. Ex parte Dunlap, 209 Ala. 453, 96 So. 441; Cartwright v. West, 155 Ala. 619, 47 So. 93.

[1] 221 Ala. 514.

It is insisted that the overruling of respondents' demurrers to the petition determines and presents the law of the case; and thereafter the respondent had the election to decline to plead further or to answer in such wise as to show that respondents had complied with the terms of the law, as embraced in the School Code and its section 203, by making the agreement or failing therein to refer the matter to the state superintendent of education. State v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A. L. R. 1470. It was stated on the trial and in brief here that the matter was not so referred to the state official indicated. If such statute is mandatory and not contrary to law, it would appear from this that the answer of said board was irrelevant and not responsive to the questions presented by the petition. If such be the fact, the sustaining of demurrers to same and striking said pleadings were without reversible error.

In Elsberry v. Seay, 83 Ala. 614, 615, 3 So. 804, 805, the following pertinent observation is made of the construction of the Constitution, and applies as well to statutes, viz.:

"When words and phrases are employed which have acquired a defined popular signification, the manifest inference is that they are used in their known and defined meaning and sense, no intention being apparent, from the nature and manner of use, or otherwise, to attach any other signification."

In Alabama Pine Co. v. Merchants' & Farmers' Bank of Aliceville, 215 Ala. 66, 67, 109 So. 358, 359, correct observation is made that:

"There is no universal rule by which directory provisions in a statute may, in all circumstances, be distinguished from those which are mandatory. In the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intention as disclosed by all the terms and provisions of the act in relation to the subject of legislation and the general object intended to be accomplished.

" 'Generally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done; that is, to matters of substance, are mandatory.' 25 R. C. L. 767, § 14."

Again in May v. Head, 210 Ala. 112, 96 So. 869, 870, Mr. Justice Sayre says:

"The court has no authority to look for the legislative intention in anything but the legislative language; that language may be explained; it cannot be detracted from or

added to. The office of interpretation is not to improve the statute; it is to expound it; and the court knows nothing of the intention of an act, except from the words in which it is expressed, applied to the facts existing at the time. Endlich on Interp. of Stat. §§ 7, 8."

See Garrett v. Cunninghame, 211 Ala. 430, 100 So. 845; Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65; State Board of Administration et al. v. Roquemore, 218 Ala. 120, 117 So. 757; State v. Bradley, 207 Ala. 677, 93 So. 595, 26 A. L. R. 421; Stewart, Clerk of House of Rep., v. Wilson Printing Co., 210 Ala. 624, 99 So. 92.

Then, section 203, School Code, is the rule of conduct, when duly invoked to action by respective boards (under the facts— "is near to such pupils"), and imposes upon them the certain duty to act as to said pupils, and, on failure thereof by said boards to agree, the matter shall be referred by either board to the state superintendent of education to report such material fact as who shall, after investigation, issue an order relative to same which shall be binding on the subordinate superintendent. This mandatory provision of the School Code has not been complied with. An orderly and proper administration of the educational affairs by the state, county, and city requires compliance with section 203, School Code, with the full knowledge and express concurrence, in a proper case, of the state superintendent of education. And this is absolutely required of him, "after investigation" in such controverted matter, that he make and issue the final and binding order relative to the same, within the Constitution and statutes. This court is not prepared to say on the present state of the pleadings that said state official may not have worked out a plan that would meet the difficulties of the situation under the statutes and without offense to organic law.

The decree of the circuit court is affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

