**Lisa BILLHIME, Appellant**

v.

**Darin BILLHIME, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 2008.
Filed June 3, 2008.
Reargument Denied Aug. 15, 2008.

Joy R. McCoy, Williamsport, for appellant.

Thomas E. Leipold, Bloomsburg, for appellee.

BEFORE: FORD ELLIOTT, P.J., DONOHUE, and POPOVICH, JJ.

OPINION BY DONOHUE, J.:

¶ 1 Lisa Billhime Nistri ("Mother") appeals from the order of the Court of Common Pleas of Montour County denying her motion to relinquish jurisdiction in this custody action to the state of Florida. After careful review, we reverse and remand.

¶ 2 Mother and Darin Billhime ("Father") are the parents of twin boys born in Orlando, Florida on December 3, 1996. The family remained in Florida until 2001, when they relocated to Montour County, Pennsylvania. Mother and Father separated in early 2004, at which time a custody action was filed in the Court of Common Pleas of Montour County. The trial court subsequently awarded primary physical custody of the children to the Mother and partial physical custody to the Father. In March 2005, Mother and the children moved back to Orlando, Florida,[1] where they continue to live at this time. Following the relocation to Florida, the trial court modified the custodial arrangement, with Mother retaining primary physical custody but permitting Father to enjoy custody during the boys' spring, Thanksgiving and Christmas vacations, as well as nearly all of their summer vacation.

¶ 3 Unfortunately, the transition to this custodial schedule proved difficult and multiple petitions for contempt were filed and adjudicated in the trial court in Montour County. On June 8, 2006, Father filed a petition with the trial court seeking primary custody of the children. On February 28, 2007, Mother responded by filing a motion requesting that the trial court relinquish jurisdiction over this child custody action to the Circuit Court for the 9th Judicial Circuit in and for Orange County, Florida. Following an evidentiary hearing, the trial court denied Mother's motion

---

1. In July 2004, Mother filed a Petition to Relocate to Florida with the children. The trial court denied the Petition, but in March 2005 this Court reversed that decision, permitting the relocation of Mother and children to Florida.

to relinquish jurisdiction, ruling that "[c]ontinuing jurisdiction over the custody case above captioned shall remain with the courts of the Commonwealth of Pennsylvania." Order, 6/15/07. In its written opinion dated June 19, 2007, the trial court explained that it denied Mother's motion because "there exists evidence that the children and one of the parents continues to have a significant connection with this Commonwealth." Trial Court Opinion, 6/19/07, at 3.

¶ 4 This timely appeal followed. In accordance with our standard of review, this Court will not disturb a decision to exercise or decline jurisdiction absent an abuse of discretion by the trial court. *Wagner v. Wagner*, 887 A.2d 282, 285 (Pa.Super.2005). An abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. *Id.* Based on our careful review of the record, we conclude that the trial court abused its discretion and that its decision to deny Mother's motion to relinquish jurisdiction must be reversed.

¶ 5 In its written opinion, the trial court found that it retained exclusive continuing jurisdiction to modify custody orders in this case pursuant to section 5422(a) of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa. C.S.A. § 5401 *et seq.* Section 5422(a) provides as follows:

§ 5422. **Exclusive, continuing jurisdiction**

(a) **General rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

(1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships;

(2) a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

23 Pa.C.S.A. § 5422(a).

¶ 6 Subsection 5422(a)(1) thus provides that the courts of this Commonwealth will exercise exclusive continuing jurisdiction to modify child custody orders originally entered here unless the child, or a child and at least one parent (or a person acting as a parent), no longer have a "significant connection" with Pennsylvania.[2] For the child, the lack of a continuing "significant connection" with the Commonwealth is established if the court finds that substantial evidence concerning the child's "care, protection, training and personal relationships" is no longer available here.

¶ 7 In denying mother's motion to relinquish jurisdiction, the trial court relied almost exclusively on Father's continuing "significant connection" with Pennsylvania. The trial court found that Father is the fifth-generation owner of a farm in Montour County, retains a Pennsylvania driv-

---

**2.** Subsection 5422(a)(2) does not apply in this case, as the trial court found that Father remains a resident of Pennsylvania despite his frequent trips to California. The record supports this finding. Notes of Testimony ("N.T."), 4/30/07, at 23–24.

er's license, has an active equitable distribution action pending in the local court, and enjoys the majority of visitation time with his children in the state. Trial Court Opinion, 6/19/07, at 2.

¶ 8 In contrast, however, the trial court's opinion does not focus in any detail on whether the *children* continue to maintain a "significant connection" to Pennsylvania, noting only that the boys visit here on three occasions per year and spend time with their father, friends and paternal grandfather. Trial Court Opinion, 6/19/07, at 2–3. A review of the record of the evidentiary hearing reveals that little evidence was introduced regarding the continuing availability in Pennsylvania of "substantial evidence concerning the child's care, protection, training and personal relationships," as is expressly required by section 5422(a)(1) of the UCCJEA.

¶ 9 In fact, essentially all of the evidence presented at the evidentiary hearing demonstrates that information relating to the children's welfare is now located in the state of Florida. For example, the children's medical care is provided in Florida, including by their pediatrician, dentist and orthodontist. They attend a private school in Florida, performing well, earning high grades and regularly being named to the honor roll and the headmaster's list. Through their school, they are involved in basketball, football, soccer, baseball, golf, safety patrols and extracurricular art classes. The boys also participate in Cub Scouts in Florida and are actively involved in their Orlando-based church. They have good friends and significant family in the Orlando area, including a grandmother, aunts and uncles, and cousins. N.T., 4/30/07, at 2–8.

¶ 10 Based upon the above evidence, the record in this case does not support a finding that the children retain a "signifi-

cant connection" with Pennsylvania, as required by subsection 5422(a)(1) of the UCCJEA. As a result, the Court of Common Pleas of Montour County no longer has exclusive continuing jurisdiction to modify its previously entered child custody orders.

¶ 11 In the absence of exclusive continuing jurisdiction, a Pennsylvania court may nevertheless modify a child custody order it previously issued if it has jurisdiction to make an initial determination under section 5421 of the UCCJEA. 23 Pa.C.S.A. § 5422(b); *Wagner v. Wagner,* 887 A.2d 282, 287 (Pa.Super.2005). Because the trial court did not address the applicability of section 5421 in connection with its initial consideration of Mother's motion to relinquish jurisdiction, we remand for consideration and decision on this issue. In the event the trial court determines that it lacks jurisdiction to make an initial custody determination pursuant to section 5421, it should grant Mother's motion and relinquish jurisdiction of custody matters relating to these two children to the courts of the state of Florida.

¶ 12 Order reversed. Case remanded. Jurisdiction relinquished.