MOORE, Judge.
Rebecca C. Collins (“the mother”) seeks a writ of mandamus from this court directing the Madison Circuit Court (“the Alabama court”) to dismiss an action filed by James Gary McNutt (“the father”). We grant the petition and issue the writ.

Background

The Alabama court entered a judgment divorcing the parties in 2008. The mother received sole physical custody of the parties’ child, subject to the visitation rights of the father, which were later modified in December 2012. The Alabama court also modified the judgment in August 2013 to require the father to pay child support in the amount of $950 per month. On December 17, 2014, the mother filed, in the Superior Court of Cherokee County, Georgia (“the Georgia court”), a petition to modify the father’s visitation rights. On January 2, 2015, the father filed, in the Alabama court, a petition for a finding of contempt based on the mother’s alleged failure to comply with the visitation provisions of the amended divorce judgment and for modification of his child-support obligation. On February 6, 2015, the mother filed in the Alabama court a limited appearance and a motion to dismiss the father’s petition. The Alabama court conducted a telephone conference with the judge from the Georgia court who was assigned to hear the mother’s case and, subsequently, conducted an evidentiary hearing on the mother’s motion to dismiss on March 11, 2015. The Alabama court denied the mother’s motion to dismiss on March 18, 2015. The mother filed her petition for a writ of mandamus on April 27, 2015.

Analysis

The mother has not favored this court with a copy of her motion to dismiss, but we can glean from the materials provided to us that the mother argued in that motion that the Alabama court had lost continuing, exclusive jurisdiction over its initial custody determination under Ala. Code 1975, § 30-3B-202(a)(1), and that, even if it had retained jurisdiction, the Alabama court should decline to exercise that jurisdiction under § 30-3B-207, Ala. Code 1975. We initially note that both § 30-3B-202(a)(1) and § 30-3B-207 are part of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), Ala.Code 1975, § 30-3B-101 et seq., which regulates interstate conflicts regarding jurisdiction over child-custody determinations. See Official Comment to § 30-3B-101. A “child custody determination” does not include “an order relating to child support or other monetary obligation of an individual.” § 30-3B-102(3), Ala.Code 1975. Thus, the motion to dismiss filed by the mother did not apply to *1038 that part of the father’s petition seeking a modification, of his chikbsupport obligation. See Lattimore v. Lattimore, 991 So.2d 239, 241 (Ala.Civ.App.2008). Instead, the motion applied to solely that portion of the father’s petition, seeking enforcement of the visitation provisions of the amended divorce judgment, which is considered a “child custody determination” under § 30-3B-102(3). See C.J.L. v. M.W.B., 868 So.2d 451 (Ala.Civ.App.2003).
The mother initially argues that the Alabama court lost continuing, exclusive jurisdiction over its child-custody determination under § 30-3B-202(a)(1), which provides:
“(a) Except as otherwise provided in Section'30-3B-204, a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203 has continuing, exclusive jurisdiction over the determination until:
“(1) A court of this state, determines that neither' the child, nor the child and one parent, nor -the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, train-. ing, and personal relationships_”
In its order, the Alabama court found that § 30-3B-202(a)(1) did not apply because the father “has continued to maintain his residency in the State of Alabama since the original custody determination and the more recent modification.”- However, the fact that a parent remains in this state does not, in and of itself, establish continuing, exclusive jurisdiction. A court must still determine whether the child and at least- one parent have -a significant connection to this state and whether substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships. See Patrick v. Williams, 952 So.2d 1131 (Ala.Civ.App.2006).
The evidence in the transcript provided to this court shows that, as of the March 11, 2015, evidentiary hearing, the child was 10 years old. The child has lived her entire life with the mother, the last seven years of which the mother and the child have lived in the State of Georgia where the child attends school and church, receives medical, dental, and orthodontic care, and engages in.home, life, and recreational activities .with her extended family and friends. The child’s only .relative in Alabama is the father, who resides in .Lacey Springs and works in Huntsville. Since 2012, the child has visited with the father solely in Georgia, except for one week that she spent with the father in Alabama in July 2013. On that occasion, the father cut short the child’s summer visitation and returned the child to the mother after he abruptly ended a telephone call between the mother and the child. After that episode, which the father described as having been “upsetting” to the child, the father voluntarily ended his overnight visits with the child and has since visited with the child only “on a monthly basis” during the day in Georgia. The father agreed that no documentary evidence or witnesses, other than himself, were available in this state pertaining to the care, protection, training, or personal relationships of the child.
In White v. Harrison-White, 280 Mich.App. 383, 760 N.W.2d 691 (2008), the Michigan Court of Appeals stated:
“The phrase ^significant connection’ is not defined in the UC.CJEA. Random House Webster’s College Dictionary (2005) generally defines the term ‘significant’ as ‘important; of consequence,’ or ‘having or expressing a meaning,’ and the term ‘connection’ as ‘the state of being connected,’ or an ‘association; relationship.’ Therefore, pursuant to the *1039 plain and ordinary meaning of the phrase ‘significant connection,’ exclusive, continuing jurisdiction is retained under [Michigan’s version of § 30-3B-202] as long as the child and at least one parent have an important or meaningful relationship to the state.”
280 Mich.App. at 390, 760 N.W.2d at 696. Based on that definition of “significant connection,” the court went on to hold that
“the significant connection that permits exercise of exclusive, continuing jurisdiction under [Michigan’s version of § 30-3B-202] exists where .one parent resides in the state, maintains a meaningful relationship with the child, and, in maintaining the relationship, exercises parenting time in the state.”
280 Mich.App. at 394, 760 N.W.2d at 698. It follows that, under the UCCJEA, no significant connection exists to permit exclusive, continuing jurisdiction by a court of a particular state when a parent of that state exercises his or her parenting time with the child only in another state.
In In re Isquierdo, 426 S.W.3d 128 (Tex.App.2012), the father, a resident of Texas, filed a custody-modification action in that state in 2011; a Texas trial court had made the initial custody determination. The undisputed evidence indicated that the mother and the children had resided in California between 2005 and 2007 and in Arizona since 2007. The children had visited with the father in Texas occasionally, but had not been there since 2008, after which time the father had not seen, nor requested to see, the children. The mother moved to dismiss the Texas proceeding, but the trial court denied the mother’s motion on the ground that it had continuing, exclusive jurisdiction based on the father’s Texas residency. On a petition for a writ of mandamus, the Texas Court of Appeals concluded that the trial court had erred, pointing out that “there is no evidence of any visitation within Texas during the last two and one-half years to support a finding of a,‘significant connection.’ ” 426 S.W.3d at 133. Given the evidence indicating that all the information relating to the care,- protection, training, and personal relationships of the children rested in Arizona, the Texas Court .of Appeals issued a writ of mandamus directing the trial court to,dismiss the case for lack of subject-matter jurisdiction.
In this case, the undisputed evidence indicates that the child has been to Alabama for only one week since 2012. Except for that abbreviated visit, the child has seen the father only when the father visits,with her once a month in Georgia, Based on. that undisputed evidence, the only legal conclusion to be drawn is that the child does not have a significant connection with this state.
In applying § 30-3B-202,.a trial court does not stop its jurisdictional inquiry upon finding a lack of a significant connection. The statute clearly and unambiguously provides that continuing, exclusive jurisdiction ends only upon a determination of both a lack of a significant connection and a lack of substantial evidence in this state concerning the welfare of the child. See White, 280 Mich.App. at 389, 760 N.W.2d at 696; and In re Forlenza, 140 S.W.3d 373, 379 (Tex.2004).
In Billhime v. Billhime, 952 A.2d 1174 (Pa.Super.Ct.2008),the Superior Court of Pennsylvania found that the trial, court in that case lacked continuing, exclusive jurisdiction because “all of the evidence presented at the evidentiary hearing demonstrates that' information relating to the children’s welfare is now located in the state of Florida.” 952 A.2d at 1177. Specifically, the court noted that the children received their medical, dental, and orthodontic care in Florida; that the children attended private school in Florida; that the children participated in church extracurricular activities in Florida; and that all *1040 of the children’s friends and a significant part of their extended family resided in Florida. Id. The facts of this case strongly mirror those in Billhime in that, as admitted by the father in his testimony, all the information regarding the care, protection, training, and personal relationships of the child is located in Georgia, not Alabama. Therefore, we conclude that “substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships.” § 30-3B-202(a)(1).
Based on the foregoing, we conclude that the Alabama court lacked continuing, exclusive jurisdiction to enforce the visitation rights of the father. A writ of mandamus may issue upon a showing of “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998). This court may issue a writ of mandamus to direct a trial court to dismiss a child-custody case over which that court does not have jurisdiction under the UC-CJEA. See Ex parte Siderius, 144 So.3d 319 (Ala.2013). Therefore, we grant the petition for a writ of mandamus and direct the Alabama court to dismiss the contempt petition filed by the father.[1]
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. In light of our disposition, we pretermit discussion of the mother's argument that the trial court abused its discretion in failing to dismiss the case on the basis of forum non conveniens under § 30-3B-207, Ala.Code 1975.