J-S11029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| W.P.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.S.L. | : | |
| | : | |
| Appellant | : | No. 1280 WDA 2016 |

Appeal from the Order Entered August 18, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD 08-1745-005

BEFORE:   OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED APRIL 11, 2017**

A.S.L. ("Mother") appeals from the order entered August 18, 2016, in the Court of Common Pleas of Allegheny County, which dismissed Mother's petition for change of venue.  We affirm.

The relevant facts and procedural history underlying Mother's appeal are as follows:

> The parties have been litigating their divorce and related matters before this [c]ourt since 2008.  It is undisputed that at that time, Pennsylvania was the "home state" of the parties and of their minor child, M.L. (d.o.b. 06/2007) [hereinafter, the "Child"].  Preliminary custody and relocation issues were resolved by Orders of Court dated November 3, 2010, May 12, 2011, June 18, 2012, and May 15, 2013, respectively; notwithstanding the initial objections of Father, the effect of those Orders was to permit Mother to relocate with the Child to California and to schedule summer visits with Father in Pennsylvania.

_____

[*] Former Justice specially assigned to the Superior Court.

Currently, Mother and the Child reside in California; Father resides in Pennsylvania, and spends a significant amount of time with his paramour in Florida. By Petition for Change of Venue, Mother asks this [c]ourt to relinquish jurisdiction in favor of the courts of her new residence in California. The [c]ourt conducted a full-day evidentiary hearing on this matter on July 6, 2016, during which it heard extensive testimony from both Mother and Father. It is undisputed that analysis of Mother's petition is controlled by the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5422[.]

Trial Court Opinion, 10/26/16, at 1-2.

On August 18, 2016, the trial court entered an order dismissing Mother's petition, finding that Mother failed to meet the statutory requirements of 23 Pa.C.S. § 5422. On August 26, 2016, Mother's counsel timely filed a notice of appeal, and on August 31, 2016, counsel filed a statement pursuant to Pa.R.A.P. 1925(b).

Mother raises the following issues on appeal:

I.    Did the [t]rial [c]ourt abuse its discretion in finding that Child has a "significant connection" with Pennsylvania, and that there is "substantial evidence" relating to his care, protection, training and personal relationships in Pennsylvania, 23 Pa. C.S.A. §5422?

II.   Did the [t]rial [c]ourt abuse its discretion in analyzing the err factors [sic] relating to whether Pennsylvania is an inconvenient forum under 23 Pa. C.S.A. §5427?

Appellant's Brief at 4.

Mother argues that she and the Child have established significant contacts in California, and the trial court should have relinquished jurisdiction pursuant to sections 5422 and 5427 of the Uniform Child

- 2 -

Custody Jurisdiction and Enforcement Act (UCCJEA). (**See** Mother's Brief, at 5-18). We disagree.

"[A] trial court's decision that it possesses subject matter jurisdiction under section 5422 is purely a question of law. As such, our standard of review is *de novo* and our scope of review is plenary." **S.K.C. v. J.L.C.**, 94 A.3d 402, 408 (Pa. Super. 2014).

However, Mother challenges the court's discretion in exercising that jurisdiction:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**Wagner v. Wagner**, 887 A.2d 282, 285 (Pa. Super. 2005) (citation omitted).[1]

In her first issue, Mother asserts that the trial court abused its discretion in finding that Child had a significant connection with Pennsylvania. In matters of child custody jurisdiction, section 5422 of the

_____

[1] The trial court possessed subject matter jurisdiction pursuant to **S.K.C.** as it heard the initial custody order. It is within the trial court's discretion to retain jurisdiction after Mother's move, such a decision will not be disturbed absent an abuse of that discretion. **See Wagner v. Wagner**, 887 A.2d 282.

UCCJEA is controlling for a court of this Commonwealth that has properly assumed jurisdiction to determine whether it maintains jurisdiction. ***See S.J.C. v. J.L.C.***, 94 A.3d 402, 405-408 (Pa. Super. 2014).

Section 5422 of the UCCJEA sets forth the following test to determine whether a trial court retains "exclusive, continuing jurisdiction" over its initial child custody order:

§5422. Exclusive, continuing jurisdiction

(a)     General Rule. – Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

(1)     a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning child's care, protection, training and personal relationships; or

(2)     a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

This Court's has held that "jurisdiction is defeated where a significant connection with Pennsylvania no longer exists **and** substantial evidence relating to the child's care, protection, training, and personal relationships is no longer available within the Commonwealth. ***S.K.C. v. J.L.C.***, 94 A.3d

402, 413 (Pa. super. 2014) (emphasis in original). Thus, a significant connection and substantial evidence must both be absent from the Commonwealth for jurisdiction to be relinquished.

Mother relies on **Billhime v. Billhime**, 952 A.2d 1174 (Pa. Super. 2008),[2] arguing that the facts in the cases are similar, and as such, the trial court in the instant matter erred in determining the Child had a significant connection with Pennsylvania. However, the **Billhime** Court determined that the trial court had erred in its analysis of significant contacts by focusing on Father's contacts with Pennsylvania rather than the children's connection to the state. **Id.** at 1177. Unlike in **Billhime**, the trial court in the instant case, clearly enumerated the Child's connection to Pennsylvania:

- Father and the Child belong to a church and occasionally participate in religious activities while in Pennsylvania.

- The Child has attended baseball camp, golf camp, and engaged in other activities in Pennsylvania during Father's custodial time in the Summers.

- The Child has relatives on both sides of the family, including Father, paternal grandparents, a maternal grandmother and several cousins, who continue to reside in Pennsylvania and with whom the Child remains in contact.

- As recent as June 2015, Mother sought an Order of Court requiring Father to permit the Child to visit with maternal grandmother in Pennsylvania while in Father's custody.

---

[2] In **Billhime**, this Court held that a significant connection did not exist where, despite a father's connection to Pennsylvania, the subject children had only minimal contact with the Commonwealth. **Billhime**, 952 A.2d at 1177.

Findings of Fact and Conclusions of Law, 8/22/16, at 2.

Furthermore, we have held that "a significant connection [exists] where one parent resides and exercises parenting time in the state and maintains a meaningful relationship with the child." *Rennie*, 995 A.2d at 1222 (internal quotation marks omitted). It is evident that Father exercised parenting time with Child in Pennsylvania during Child's scheduled visitation. As such, Child had a significant connection with this Commonwealth. *See Rennie*, 995 A.2d at 1222.

Thus, unlike *Billhime* there is sufficient evidence establishing a connection between Child and the Commonwealth and Mother's reliance on *Billhime* is misplaced. Because we have concluded that there is a significant connection to Pennsylvania, Mother has failed to satisfy the requirements of section 5422(a)(1). Therefore, it is unnecessary to consider whether Mother's claim satisfies the substantial evidence prong of section 5422(a)(1) as both prongs must be lacking in order to relinquish jurisdiction.

Mother next asserts that the trial court erred in its analysis of Mother's inconvenient forum claim. Under section 5427, a trial court may decline to exercise jurisdiction over a child custody dispute if it determines that it is an inconvenient forum. *S.K.C. v. J.L.C.*, 94 A.3d 402, 414 (Pa. Super. 2014). We review a trial court's section 5427 determination for an abuse of discretion. *Id.* (citation omitted). Under section 5427 a trial court must consider the following eight factors when determining if it is an inconvenient forum:

1. whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

2. the length of time the child has resided outside this Commonwealth;

3. the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

4. the relative financial circumstances of the parties;

5. any agreement of the parties as to which state should assume jurisdiction;

6. the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

7. the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

8. the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S.A. §5427(b)(1-8).

While the court erroneously determined that Mother's second issue is moot, in an abundance of caution the trial court addressed the eight factors for determining if a forum is inconvenient. *See* Findings of Fact and Conclusions of Law, 8/22/16 at 1-5.

As to the first factor, domestic violence, the trial court found that domestic violence was not a relevant factor, and to the extent that it is a factor, it weighs equally against the parties.

Regarding the second factor, the length of time the Child has resided outside the Commonwealth, the court found that "the minor child has resided primarily in California since 2010, and the [c]ourt does deem this to

- 7 -

be a significant, but not dispositive, factor in its analysis." Findings of Fact, 8/18/16 at 4. Mother contends that Child has lived outside of Pennsylvania since he was three years old, and based on the Child's limited time in Pennsylvania, he lacks a significant connection to the state. The trial court considered the length of time outside the state significant but not dispositive in its analysis.

As to the third factor, the distance between the available forums, the trial court notes that Pennsylvania is inconvenient for both Mother, who lives in California, and Father who spends a significant amount of time in Florida. Both Mother and Father have ready access to accommodations in Pennsylvania and that the cost of travel to and from Pennsylvania does not place a disproportionate burden on either party. However, California is an inconvenient forum for Father who has no extended family or friends to stay with if the court relinquishes jurisdiction. Findings of Fact, 8/18/16 at 4.

As to the fourth fact, the relative financial circumstances of the parties, the trial court heard testimony regarding Mother and Father's incomes. The court found that Mother and Father generally make an equal number of cross-country custodial transfer trips every year and that there was no evidence presented that transportation cost imposed a burden on one party over the other. Trial Court Opinion, 10/26/16, at 5.

Regarding the fifth factor, the existence of a forum selection clause, the record does not reflect that the parties entered into an agreement as to which state would assume jurisdiction.

The sixth factor, the location of necessary evidence, the trial court found that, in the past, testimony from witnesses has been unnecessary. *Id.* If such testimony is needed in the future, the trial court found that depositions or electronic testimony would satisfy future evidentiary needs. *Id.*

Regarding the seventh factor, the ability of various courts to expeditiously resolve the matter, this Court has held:

> [I]t only requires common sense for a trial court to conclude that an issue will be resolved more expeditiously in a forum where proceedings have already commenced and where the trial court has held hearings on the child custody dispute than a forum where proceedings have not commenced and the trial court would have to learn the case anew.

*S.K.C.*, 94 A.3d at 417. Therefore, trial court did not err in concluding that this factor weighed in favor of exercising jurisdiction in this matter.

As to the eighth factor, the familiarity of the court with the facts and issues, the trial court has maintained jurisdiction since the inception of this case in 2008. During the eight years the trial court presided over this matter the court has become familiar with the facts and issues of the parties.

None of the eight enumerated factors weighs in favor of the trial court relinquishing jurisdiction. Thus, the trial court did not abuse its discretion in determining that Pennsylvania is not an inconvenient forum pursuant to section 5427.

The trial court did not abuse its discretion in denying Mother's motion to relinquish jurisdiction of the instant custody matter.

Order affirmed.

PJE Stevens joins.

Judge Olson concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017