THOMPSON, Presiding Judge.
Amy Dolena Breslow ("the mother") petitions this court for a writ of mandamus directing the Limestone Circuit Court ("the trial court") to enter an order dismissing the modification and contempt petition that Jonathan Lee Breslow ("the father") filed in the trial court. For the reasons set forth below, we deny the mother's petition.
The materials submitted to this court in support of and in opposition to the mother's petition indicate the following. On May 11, 2016, the trial court entered a judgment divorcing the mother and the father. In the judgment, the trial court incorporated the parties' agreement, executed May 6, 2016, that provided, among other things not relevant to this matter, that they "shall share Joint Legal Custody" of the parties' children, with the mother having sole physical custody. The agreement further provided that the father
"shall receive visitation with the minor children on eighty (80) days throughout each and every year, with time to be prearranged by agreement of the parties and with the [mother] having the final say on the time, place and duration of said visitations. The parties agree to encourage each other to coordinate visitation and activities in advance and be respectful of the time schedules of either party in coordination of the visitation due to a standard schedule not being followed by the parties."
It was also agreed that the mother could relocate at her discretion. Because the children were not yet of an age to travel, the father agreed to be responsible for arranging transportation to visit with the children and to pay for his travel expenses, as well as the costs and expenses he and the children incurred during his visitation periods.
The materials before us indicate that on October 15, 2017, the father filed an "amended petition for modification and contempt" ("the modification petition").[1] In the modification petition, the father stated that, after the divorce judgment was entered, the mother relocated to California.
*675 He alleged that, when the mother moved, she told him " 'she would do everything in her power to keep the Father's children from him.' " The father said that the mother has denied him visitation with the children since December 10, 2016. Consequently, the father said, he was requesting that the trial court modify the existing visitation provision in the divorce judgment and, instead, implement the standard "out-of-state visitation schedule." The father also sought a change in the cost arrangement regarding visitation and to have the mother held in contempt for her "severe breach" of the existing visitation order.
The mother filed a motion to dismiss the modification petition "for lack of subject matter jurisdiction." Specifically, the mother argued in her motion that the children and she-the custodial parent-reside in California and have not lived in Alabama "in well over twelve (12) months." As a result, the mother argued, the trial court "is without subject matter jurisdiction to consider the [father's] petition to modify" the visitation provision of the divorce judgment. The trial court denied the mother's motion to dismiss on October 27, 2017. The mother filed her petition for a writ of mandamus with our supreme court on December 8, 2017. Because this court has original appellate jurisdiction over the matter pursuant to § 12-3-10, Ala. Code 1975, our supreme court transferred the matter to this court on December 12, 2017.
In her petition seeking a writ of mandamus, the mother argues that under the Uniform Child Custody Jurisdiction and Enforcement Act ("the UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975, the trial court has lost continuing, exclusive jurisdiction to determine custody or visitation in this matter.
"The UCCJEA is a jurisdictional act that establishes subject-matter jurisdiction over child-custody proceedings. See Ex parte M.M.T., 148 So.3d 728, 731 (Ala. Civ. App. 2014) (quoting § 30-3B-201, Ala. Code 1975, Official Comment). 'An Alabama ... juvenile court may not make any custody determination-neither an initial custody determination nor a determination as to modification of custody-regarding a child unless that court has jurisdiction to make an initial custody determination under the UCCJEA....' J.D. v. Lauderdale Cnty. Dep't of Human Res., 121 So.3d 381, 384-85 (Ala. Civ. App. 2013)."
H.T. v. Cleburne Cty. Dep't of Human Res., 163 So.3d 1054, 1062 (Ala. Civ. App. 2014).
" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala. 2000).'
" Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala. 2003)."
Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala. 2009).
In her petition, the mother relies on § 30-3B-202(a)(1), Ala. Code 1975, a part of the UCCJEA, to support her contention that the trial court no longer had jurisdiction to consider the father's modification petition. That statute provides that an Alabama court that
"has made a child custody determination consistent with Section 30-3B-201 [involving jurisdiction to make an initial custody determination] or Section 30-3B-203 *676 [involving jurisdiction to modify a custody determination made in another state] has continuing, exclusive jurisdiction over the determination until:
"(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships ...."
§ 30-3B-202(a).
The mother then cites Ex parte Collins, 184 So.3d 1036, 1038 (Ala. Civ. App. 2015), for the proposition that
"the fact that a parent remains in this state does not, in and of itself, establish continuing, exclusive jurisdiction. A court must still determine whether the child and at least one parent have a significant connection to this state and whether substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. See Patrick v. Williams, 952 So.2d 1131 (Ala. Civ. App. 2006)."
The mother's argument is contrary to the law applicable in situations in which a custodial parent has moved from the state after an initial custody determination, made during the course of a divorce proceeding, awarded joint legal custody to a child's parents. The Alabama Parent-Child Relationship Protection Act ("the relocation act"), § 30-3-160 et seq., Ala. Code 1975, governs questions of jurisdiction and venue in such a situation. The relocation act mandates that, if only one person having joint custody, joint legal custody, or joint physical custody pursuant to an initial custody award maintains a principal residence in this state, "the child shall have a significant connection with this state" and the trial court retains continuing jurisdiction. § 30-3-169.9(b), Ala. Code 1975.[2] We note that the opinion in Ex parte Collins, supra, does not indicate whether the parties in that case had been *677 awarded joint custody, joint legal custody, or joint physical custody. It also does not appear from the opinion that the parties argued that § 30-3-169.9 was applicable in that matter. Therefore, we conclude that the language from Collins that the mother relies on to support her argument that the trial court does not have jurisdiction in this case is inapposite. In other words, Collins is not dispositive of this matter.
The father's modification petition avers that the father resides in Limestone County. The mother does not dispute that the father has continued to live in Alabama since the parties' divorce. Because the father has maintained his principal residence in Alabama, there is no need for the trial court to determine whether the child and at least one parent "have a significant connection to this state." § 30-3B-202(a)(1). Pursuant to § 30-3-169.9(b), the trial court may retain continuing jurisdiction over custody of the children and the enforcement of the divorce judgment. Accordingly, the trial court did not err in denying the mother's motion to dismiss the modification petition.
The mother has failed to demonstrate that she has a clear legal right to a dismissal of the modification petition. Accordingly, the petition for a writ of mandamus is denied.
PETITION DENIED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

In her petition for a writ of mandamus, the mother asserts that the father's modification petition was filed as a "counterclaim" to a complaint the State of Alabama had filed to enforce child support. No such complaint appears in the materials submitted to this court. This court called for answers to the petition but received none; thus, we accept as true the averments in the mother's mandamus petition. See Ex parte Turner, 840 So.2d 132, 134-35 (Ala. 2002) (holding that when a respondent fails to challenge factual allegations contained in a petition for the writ of mandamus, the appellate court accepts as true the factual statements in the petition).

Section 30-3-169.9 provides:
"(a) In those instances where the change of principal residence of a child results in the relocation of a child to a residence outside this state, the provisions of Sections 30-3B-101 to 30-3B-314, inclusive [i.e., the UCCJEA], shall apply to actions commenced under this article.
"(b) Where the parties have been awarded joint custody, joint legal custody, or joint physical custody of a child as defined in Section 30-3-151, and at least one parent having joint custody, joint legal custody, or joint physical custody of a child continues to maintain a principal residence in this state, the child shall have a significant connection with this state and a court in fashioning its judgments, orders, or decrees may retain continuing jurisdiction under Sections 30-3B-202 to 30-3B-204, inclusive, even though the child's principal residence after the relocation is outside this state.
"(c) In a proceeding commenced to modify, interpret, or enforce a final decree under this article, where jurisdiction exists under this section or otherwise as provided by law and where only one person having joint custody, joint legal custody, or joint physical custody of a child continues to maintain a principal residence in this state, notwithstanding any law to the contrary, venue of all proceedings under this article is changed so that venue will lie either in the original circuit court rendering the final decree or in the circuit court of the county where that person having joint custody, joint legal custody, or joint physical custody has resided for a period of at least three consecutive years immediately preceding the commencement of an action under this article. The person having joint custody, joint legal custody, or joint physical custody who continues to maintain a principal residence in this state shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action."
(Emphasis added.)