J-S05032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL T. BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALYSSA M. BROWN | : | No. 1245 WDA 2022 |

Appeal from the Order Entered October 21, 2022
In the Court of Common Pleas of Butler County Domestic Relations at
No(s):  FC-2021-90711

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED: MARCH 20, 2023**

Michael T. Brown ("Father") appeals from the order awarding him shared physical and legal custody of his minor child, A.O.B. ("Child"). Father argues the court erred in relinquishing jurisdiction. We affirm.

Father filed the underlying custody complaint in November 2021. He filed it in Butler County, Pennsylvania, the site of the marital home. The parties could not reach a custody agreement after two custody conciliation hearings, and the court scheduled the matter for trial. Child's mother, Alyssa M. Brown ("Mother"), filed a pre-trial motion to transfer the action to Maryland based on inconvenient forum.[1] By that time, Mother had relocated with Child to Maryland, and Father resided in Virginia. Given the age and progression of the

---

[1] **See** 23 Pa.C.S.A. § 5427.

case, and the need to decide the matter expeditiously, the court denied the motion to transfer and proceeded to trial.

Following trial, the court entered an order awarding the parties shared custody of Child. The order concluded, "Because of the geographical locations of the parties, this Court relinquishes its jurisdiction to the above-captioned matter. If any further disputes arise, they are more appropriately raised in the courts of either Maryland or Virginia." Memorandum and Order, 10/21/22, at 14. In its Rule 1925(a) opinion, the trial court explains that it relinquished jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Trial Court Opinion, 11/2/22, at 4-5 (citing 23 Pa.C.S.A. § 5422(a)(1)). It found neither Child, Mother, Father, nor any person acting as Child's parent reside in Pennsylvania, and that substantial evidence regarding Child's care is not available in Pennsylvania. **Id.** at 4-5.

Father appealed. The sole issue Father raises on appeal is "[w]hether the trial court prematurely relinquished jurisdiction of this case[.]" Father's Br. at 18. Father argues that the trial court's relinquishment of jurisdiction was premature, as no other state had accepted jurisdiction, which he claims is required by 23 Pa.C.S.A. § 5424. **Id.** at 20-21. Father asserts that pursuant to Section 5424, the court's order should have specified a period for the parties to seek an order from another state with jurisdiction and communicated with that court before relinquishing jurisdiction. **Id.** at 21. Father contends that the court's premature relinquishment of jurisdiction

deprives him of the ability to enforce the custody order. *Id.* Mother has not filed a brief.

We review a custody court's determination of whether it should continue to exercise jurisdiction for abuse of discretion. ***Billhime v. Billhime***, 952 A.2d 1174, 1176 (Pa.Super. 2008).

The UCCJEA governs subject matter jurisdiction over child custody cases between Pennsylvania and other states. ***J.S. v. R.S.S.***, 231 A.3d 942, 947 (Pa.Super. 2020). Under Section 5421(a), a court has jurisdiction to make an initial custody determination when certain conditions are met, such as if Pennsylvania is the home state of the child on the date of the commencement of the proceeding. ***See, e.g.***, 23 Pa.C.S.A. § 5421(a)(1). After the initial custody determination has been made, Section 5422 governs the continuing jurisdiction of the court. ***See*** 23 Pa.C.S.A. § 5422. It provides that the court that "has made a child custody determination consistent with Section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination)" maintains "exclusive, continuing jurisdiction" over the case "until" one of two situations arise:

> (1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or
>
> (2) a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

23 Pa.C.S.A. § 5422(a).

Father does not contend that the trial court lacked jurisdiction to make the initial custody determination order under Section 5421(a). ***See*** 23 Pa.C.S.A. § 5421 ("Initial child custody jurisdiction"). Nor does he argue that the standard at Section 5422(a)(1), establishing the court's continuing jurisdiction ends when no parties have significant connection with Pennsylvania, has not been met. Rather, Father contends the court relinquished its continuing jurisdiction prematurely, because the court's order does not meet the requirements of Section 5424.

Section 5424 allows a court to exercise temporary emergency jurisdiction. ***See*** 23 Pa.C.S.A. § 5424. It provides rules for how long an order made under such jurisdiction remains in effect, and under what circumstances the temporary emergency jurisdiction shall end.[2] Here, Father did not move

_____

[2] Section 5424 provides is as follows:

**§ 5424. Temporary emergency jurisdiction**

**(a) General rule.--**A court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

(**b) No previous custody determination or proceeding.--**If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custody proceeding has not been commenced in a court of a state having jurisdiction under

*(Footnote Continued Next Page)*

- 4 -

sections 5421 (relating to initial child custody jurisdiction) through 5423 (relating to jurisdiction to modify determination), a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under sections 5421 through 5423. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under sections 5421 through 5423, a child custody determination made under this section becomes a final determination if it so provides and this Commonwealth becomes the home state of the child.

**(c) Previous custody determination or proceeding.--**If there is a previous child custody determination that is entitled to be enforced under this chapter or a child custody proceeding has been commenced in a court of a state having jurisdiction under sections 5421 through 5423, any order issued by a court of this Commonwealth under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under sections 5421 through 5423. The order issued in this Commonwealth remains in effect until an order is obtained from the other state within the period specified or the period expires.

**(d) Mandatory communication between courts.--**A court of this Commonwealth which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of a state having jurisdiction under sections 5421 through 5423, shall immediately communicate with the other court. A court of this Commonwealth which is exercising jurisdiction pursuant to sections 5421 through 5423, upon being informed that a child custody proceeding has been commenced in or a child custody determination has been made by a court of another state under a statute similar to this section, shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child and determine a period for the duration of the temporary order.

23 Pa.C.S.A. § 5424.

for temporary emergency jurisdiction under Section 5424, and the trial court did not exercise temporary emergency jurisdiction. It appears to have exercised jurisdiction under Section 5421(a). Therefore, Section 5424's rules regarding the termination or relinquishment of temporary emergency jurisdiction do not apply.

Rather, the trial court, after exercising initial jurisdiction under Section 5421(a), applied Section 5422(a)(1) and relinquished jurisdiction. It determined "that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships." 23 Pa.C.S.A. § 5422(a)(1); **see** Trial Ct. Op. at 4-5. The record supports these findings, and the court did not abuse its discretion in making this determination and relinquishing jurisdiction. Insofar as Father contends that the relinquishment deprives him of the ability to enforce the order, that question is not ripe for our consideration, given that he has not sought enforcement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2023

- 6 -