Rel: April 25, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0675

_____

### Brandon Lee Baker

### v.

### Katherine Marie Dukes

### Appeal from Limestone Circuit Court
### (DR-15-900533.05)

HANSON, Judge.

Brandon Lee Baker ("the father") appeals from a judgment of the Limestone Circuit Court ("the circuit court") relinquishing jurisdiction of the father's motion for custody modification pursuant to § 30-3B-202(a)(1), Ala. Code 1975, of the Uniform Child Custody Jurisdiction and

Enforcement Act ("UCCJEA"), § 33-3B-101 et seq., Ala. Code 1975. We reverse and remand.

Background

The father and Katherine Marie Dukes ("the mother") have been before this court previous to this appeal. See Ex parte Dukes, 376 So. 3d 562 (Ala. Civ. App. 2022). The parties, who were married and were living in Alabama, separated in 2015. At that time, the mother and the child born of the marriage ("the child") relocated to Tennessee; the father remained in Alabama. In December 2015, the father filed a complaint seeking a divorce in the circuit court. In 2016, the circuit court entered a judgment divorcing the parties; that judgment incorporated a settlement agreement between the parties. Pursuant to the settlement agreement, the parties were awarded joint legal custody of the child. The mother was awarded sole physical custody of the child, and the father was awarded visitation.

In 2020, the Tennessee Department of Human Services filed a petition in the Juvenile Court of Overton County, Tennessee ("the Tennessee juvenile court"), seeking to have the child declared dependent and seeking an award of emergency temporary legal custody of the child

2

after the mother had threatened to harm herself and the child. Following a hearing, the Tennessee juvenile court determined that the child was dependent and neglected, "reinstated" custody of the child to the father, and "relinquished" jurisdiction over any further child-custody proceedings to the circuit court. The mother appealed the Tennessee juvenile court's judgment, requesting a trial de novo. The Tennessee juvenile court's judgment was reversed on appeal, and the case was remanded for further proceedings. The Tennessee juvenile court subsequently conducted a trial de novo in two phases -- it first conducted an adjudicatory hearing, and it subsequently conducted a dispositional hearing. After the adjudicatory hearing, the Tennessee juvenile court issued an order in May 2021 in which it determined, based on clear and convincing evidence, that the child was dependent and neglected; the Tennessee juvenile court did not, however, determine that the child was a victim of severe abuse, although it ordered the mother to submit to therapy and to counseling. After the dispositional hearing, the Tennessee juvenile court entered an order in May 2022 in which it stated that the mother had followed the directives that it had issued after the adjudicatory hearing, and it returned custody of the child to the mother.

3

Ex parte Dukes, 376 So. 3d at 564.

Subsequently, in May 2022, the father filed a petition in the circuit court seeking a modification of the custody of the child, designated as case number DR-2015-900533.04. The circuit court entered a pendente lite order awarding the father physical custody of the child pending a final hearing. In her mandamus petition filed in this court, the mother argued that the circuit court lacked continuing exclusive jurisdiction over the father's custody-modification petition and that his petition should have been filed in Tennessee. This court held that the mother was not entitled to a petition for a writ of mandamus because the Tennessee juvenile court was exercising emergency jurisdiction and that once the emergency subsided, the Tennessee juvenile court could not make any further custody determinations regarding the child because of the continuing jurisdiction of the circuit court. Ex parte Dukes, 376 So. 3d at 566.

After multiple and lengthy hearings, the circuit court, on February 23, 2024, entered a final order in DR-2015-900533.04, awarding the parties joint legal custody. The mother was awarded sole physical custody, and the father was awarded visitation.

4

On March 15, 2024, the father filed a petition to modify custody, which was assigned case number DR-2015-900533.05. On May 9, 2024, the mother filed a motion to relinquish custody, arguing as follows:

"1. The parties were divorced by Final Judgment of Dissolution of Marriage entered by this Court on September 14, 2016, which awarded [the mother] primary residential responsibility for the parties' minor child.

"2. Subsequent to the entry of Final Judgment, [the mother] and minor child relocated to the State of Tennessee where they continue to reside.

"3. Previously [the father] filed a Petition for Custody in this matter under case number DR-2015-900533.04. After multiple and lengthy hearings, the Circuit of Limestone County denied [the father's] Petition for Custody.

"4. Now [the father] has … filed a new Petition with this Court under case number DR-2015-900533.05 alleging that the minor child is being abused and neglected by the mother. All of the current allegations are to have happened in the State of Tennessee. [The mother] has cooperated with all State of Tennessee authorities which returned an unsubstantiated letter to [the mother].

"[5]. Pursuant to Ala. Code [1975,] § 30-3B-202(a), a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203[, Ala. Code 1975,] has exclusive, continuing jurisdiction over the determination until:

"'(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that

5

substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

"'(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.'

"[6]. In the present case, neither the child nor [the mother] have a significant connection with the State of Alabama as they have resided in Tennessee for a substantial period of time. The minor child attends school in Tennessee where her teachers have reported that she is a 'great student,' 'very well behaved,' and 'loved by all of her classmates.' (See Exhibit A, Email from Minor Child's Teachers).

"[7]. Moreover, substantial evidence is no longer available in Alabama concerning the child's care, protection, training and personal relationships. The Child Protective Services division of the Tennessee Department of Children's Services has investigated the allegations of abuse made by [the father] and found them to be unsubstantiated (See Exhibit B, Letter from Tennessee DCS). The child's current living situation, schooling, medical care, family counseling and other personal relationships are all now based in Tennessee.

"[8]. The general purposes of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) as set forth in Ala. Code [1975,] § 30-3B-101 include assuring that litigation concerning the custody of a child take place ordinarily in the state with which the child and the child's family have the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available. Those purposes are no longer served by Alabama retaining jurisdiction in this case.

6

"[9]. The Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A(d), provides that the jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant. The requirements of subsection (c)(1) are no longer met in this case as the child and [the mother] no longer reside in Alabama.

"[10.]. Based on the foregoing facts and authorities, there is ample evidence to find that Alabama no longer has exclusive, continuing jurisdiction over the custody of the minor child under the UCCJEA and PKPA. Accordingly, the undersigned moves this Honorable Court should relinquish jurisdiction to the appropriate court in the State of Tennessee where the child and [the mother] now reside and where substantial evidence concerning the child's welfare is readily available.

"WHEREFORE [the mother], respectfully requests that this Honorable Court enter an Order relinquishing jurisdiction over the custody of the parties' minor child to the State of Tennessee, and for such other and further relief as the Court may deem just and proper."

In support of her motion, the mother attached a letter from the child's teacher in Tennessee, a letter from the Tennessee Department of Children's Services, and an affidavit from the mother.

On May 29, 2024, the circuit court entered a judgment granting the mother's motion to relinquish custody, finding that neither the child nor the mother resided in Alabama and that substantial evidence was no

7

longer available in Alabama concerning the child's care, protection, training, and personal relationships. On June 21, 2024, the father filed a motion to alter, amend, or vacate the judgment. On July 17, 2024, the circuit court denied the father's postjudgment motion. On August 26, 2024, the father filed a notice of appeal.

## Discussion

The father argues that the circuit court has "continuing jurisdiction" under the UCCJEA because, he says, § 30-3-169.9, Ala. Code 1975, of the Alabama Parent-Child Relationship Protection Act ("the relocation act"), § 30-3-160 et seq., Ala. Code 1975, applies. Specifically, the father argues that because he has joint legal custody of the child and because the father continues to reside in Alabama, then there is a "significant connection" with Alabama such that the circuit court has continuing jurisdiction under the UCCJEA.

In Ex parte R.B., [Ms. CL-2023-0506, May 24, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024), this court stated:

> "One of the purposes of the UCCJEA is to facilitate cooperation between courts in different states in issuing custody and visitation orders. Ex parte Siderius, 144 So. 3d 319 (Ala. 2013).

"'"The UCCJEA is a jurisdictional act that establishes subject-matter jurisdiction over child-custody proceedings." H.T. v. Cleburne Cty. Dep't of Human Res., 163 So. 3d 1054, 1062 (Ala. Civ. App. 2014). The UCCJEA differentiates between a court's jurisdiction to make an "initial child custody determination" and a court's "continuing, exclusive jurisdiction" over a child-custody determination. See §§ 30-3B-201 and -202, Ala. Code 1975. A "child custody proceeding" is "[a] proceeding in a court in which legal custody, physical custody, or visitation with respect to a child is an issue" and includes proceedings alleging dependency and seeking termination of parental rights. § 30-3B-102(4), Ala. Code 1975. A "child custody determination" is defined as "[a] judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order." § 30-3B-102(3). An "initial determination" is defined as "[t]he first child custody determination concerning a particular child." § 30-3B-102(8).'

"A.M. v. Houston Cnty. Dep't of Hum. Res., 262 So. 3d 1210, 1216 (Ala. Civ. App. 2017)."

In the present case, the circuit court entered a judgment divorcing the parties, incorporating a settlement agreement between the parties whereby the parties were awarded joint legal custody of the child with the mother awarded sole physical custody. When the parties entered into their settlement agreement providing for the mother to have sole physical

9

custody of the child, the mother and the child lived in Tennessee. In 2020, the child was temporarily returned to Alabama while the Tennessee juvenile court proceedings were conducted, and the child was returned to Alabama pursuant to a pendente lite order in 2022 when the father filed his custody-modification petition in the circuit court (DR-2015-900533.04). Subsequently, the circuit court awarded the parties joint legal custody with the mother being awarded sole physical custody. When the father filed the current custody-modification petition in the circuit court (DR-2015-900533.05), the child was living in Tennessee with the mother.

Section 30-3B-202(a)(1) of the UCCJEA addresses continuing jurisdiction:

> "(a) Except as otherwise provided in Section 30-3B-204, [Ala. Code 1975,] a court of this state which has made a child custody determination consistent with Section 30-3B-201 or Section 30-3B-203[, Ala. Code 1975,] has continuing, exclusive jurisdiction over the determination until:
>
> > "(1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

"(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."

The fact that the mother and the child reside in Tennessee is not alone sufficient to terminate the continuing, exclusive jurisdiction of the circuit court over the original child-custody determination in the 2016 divorce judgment in this case. Typically, a court considering whether it still retains continuing, exclusive jurisdiction under the UCCJEA would need to consider "whether the child and at least one parent have a significant connection to this state and whether substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships." Ex parte Collins, 184 So. 3d 1036, 1038 (Ala. Civ. App. 2015) (emphasis added).

The relocation act was enacted in 2003 to promote "the general philosophy in this state that children need both parents, even after a divorce." § 30-3-160. Section 30-3-169.4 created "a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child" and consistent with that presumption, the relocation act requires a custodial parent who intends to relocate to notify the noncustodial parent and allows the noncustodial parent to object, so

11

long as the change in distance between the proposed new residence and the objecting party's residence is over 60 miles; the relocation act places the initial burden of proving otherwise on the relocating party, which, once met, shifts the burden to the party objecting to the relocation to "demonstrate how the change in residence is not in the child's best interest." Clements v. Clements, 906 So. 2d 952, 957 (Ala. Civ. App. 2005).

> Section 30-3-169.9(b) of the relocation act provides that,
>
> "[w]here the parties have been awarded joint custody, joint legal custody, or joint physical custody of a child as defined in Section 30-30-151, [Ala. Code 1975,] and at least one parent having joint custody, joint legal custody, or joint physical custody of a child continues to maintain a principal residence in this state, the child shall have a significant connection with this state and a court in fashioning its judgments, orders, or decrees may retain continuing jurisdiction under Sections 30-3B-202 to 30-3B-204, [Ala. Code 1975,] inclusive, even though the child's principal residence after the relocation is outside this state."

See also Adcock v. Fronk, 289 So. 3d 1244, 1250-51 (Ala. Civ. App. 2019) (concluding that the trial court retained continuing jurisdiction in 2018 to modify visitation provisions of the parties' 2013 divorce judgment under § 30-3-169.9(b), even though the mother and the children had resided in Georgia since 2013 because the father had joint legal custody

12

of the children and continued to reside in Alabama); Ex parte Breslow, 259 So. 3d 673, 677 (Ala. Civ. App. 2018) (applying § 30-3-169.9(b) to conclude that a trial court retained continuing jurisdiction to modify a child-custody determination despite the fact that the mother and the children had moved to another state after the entry of the divorce judgment). In short, even if a child has acquired a new home state, the state issuing the original child-custody decree retains exclusive, continuing jurisdiction, so long as the general requisites of the "significant connection" provisions of the relocation act are met.[1]

---

[1]We recognize that § 30-3-169.9(b) uses "may" in reference to an Alabama court maintaining continuing jurisdiction under § 30-3B-202 to 30-3B-204. In Mobile County Republican Executive Committee v. Mandeville, 363 So. 2d 754, 757 (Ala. 1978), our supreme court stated:

"The distinction between a mandatory provision and one which is only directory is that when the provision of a statute is the essence of the thing to be done, it is mandatory. Under these circumstances, where the provision relates to form and manner, or where compliance is a matter of convenience, it is directory. Rodgers v. Meredith, 274 Ala. 179, 146 So. 2d 308 (1962); Board of Education of Jefferson County v. State, 222 Ala. 70, 131 So. 239 (1930). In making this determination, it is legislative intent, rather than supposed words [of] art such as 'shall,' 'may' or 'must,' which ultimately controls. Morgan v. State, 280 Ala. 414, 194 So. 2d 820, appeal dismissed, cert. denied, 389 U.S. 7, 88 S. Ct. 47, 19 L. Ed. 2d 6 (1967). See also Belcher Oil Co. v. Dade County, 271 So. 2d 118 (Fla. 1972); Barton v. Atkinson, 228 Ga. 733, 187 S.E.2d

13

Here, the father, who was awarded joint legal custody, still resides in Alabama. Thus, the circuit court had continuing, exclusive jurisdiction to modify the visitation provisions of the 2016 divorce judgment even though the mother and child reside in Tennessee.

---

835 (1972); Sho-me Power Co. v. City of Mountain Grove, 467 S.W.2d 109 (Mo. App. 1971)."

In Ex parte Breslow, 259 So. 3d 673, 676 (Ala. Civ. App. 2018), this court stated:

> "The mother's argument [that the trial court no longer had jurisdiction] is contrary to the law applicable in situations in which a custodial parent has moved from the state after an initial custody determination, made during the course of a divorce proceeding, awarded joint legal custody to a child's parents. The Alabama Parent-Child Relationship Protection Act ('the relocation act'), § 30-3-160 et seq., Ala. Code 1975, governs questions of jurisdiction and venue in such a situation. The relocation act mandates that, if only one person having joint custody, joint legal custody, or joint physical custody pursuant to an initial custody award maintains a principal residence in this state, 'the child shall have a significant connection with this state' and the trial court retains continuing jurisdiction. § 30-3-169.9(b), Ala. Code 1975."

It does not appear that the legislature intended for continuing jurisdiction to be optional under the relocation act when one parent with joint legal custody continues to reside in Alabama.

14

Based on the foregoing, the judgment of the circuit court is due to be reversed, and the cause is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.